Syllabus.

## WILLIAM STEELE *et al.* Admrs.

### *v.*

## GEORGE CLARK, Admr.

77   471
29a  226

77   471
144  511

77   471
67a  146

77   471
102a  ²500

77   471
208   ²413

1. TRUST—*assuming debt of another does not create a trust, to take case out of the Statute of Limitations.* Where a party, on the purchase of land, assumed and agreed with the grantor to pay a certain debt which the latter owed to a third person, it was *held*, in an action by the administrator of such third person against the estate of the party assuming the payment of the debt, the Statute of Limitations being pleaded, that the transaction did not create any trust so as to prevent the Statute of Limitations from barring the action, or such as would give a court of equity jurisdiction.

2. SAME—*to give equity jurisdiction.* A court of equity has jurisdiction in all cases of strict trust, but where a mere confidence is reposed, or a credit given, it will not exercise such jurisdiction.

3. Where property is conveyed, or given by one person to another to hold for the use of a third person, such a trust will be thereby created as to give a court of equity jurisdiction to compel the application to the purposes of the trust. But the sale of land by the owner to pay his debts, which the purchaser assumes to pay, does not create a trust, as between him and the creditors of the vendor. It creates the relation of debtor and creditor, and nothing more.

4. PARTY AT LAW—*person for whose benefit a promise is made may sue.* It has been settled, by repeated decisions of this court, that, in case of simple contracts, the person for whose benefit a promise is made may maintain an action in his own name upon it, although the consideration does not move from him.

5. TRUST FUND—*money in hands of commissioner.* Money in the hands of a commissioner appointed to sell lands on decree for partition, is a trust fund, and if he pays the same to a brother of the party entitled to receive the same, without any authority, he will be liable to the person entitled to it, or to his personal representative in case of his death, and it seems that the Statute of Limitations will not bar a recovery in such a case.

6. WITNESS—*competency of administrator in suit against estate represented by him.* In a suit against an estate, the administrator is a competent witness for the defense to state what he knew of the case before becoming administrator, and what he learned afterwards.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

This was a claim, presented in the county court of Clinton county, by George Clark, administrator of the estate of Thomas Moore, deceased, against the estate of John Brewster, deceased, of which the appellants, William Steele and Nancy Brewster, were the administrators. The opinion of the court gives a substantial statement of the principal facts of the case.

Mr. G. VAN HOOREBEKE, for the appellants.

Mr. DARIUS KINGSBURY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This proceeding was commenced before the county court of Clinton county, and taken by appeal to the circuit court, wherein a judgment was rendered for the plaintiffs for four hundred and forty-four dollars. and costs. from which judgment this appeal is prosecuted by the defendants. It is a case in which the administrator of one Thomas Moore, deceased, presented a claim for allowance against the estate of John Brewster, deceased, for one thousand dollars. The county court allowed the claim to the extent of seven hundred and seventy-seven dollars, and, on appeal to the circuit court, the same was reduced to the above sum of four hundred and forty-four dollars.

A brief statement of the facts will show that this judgment ought not to stand.

It appears that Thomas Moore, the father of Thomas Moore in behalf of whose estate this claim is prosecuted. died in 1852 or 1853, leaving an estate in land, which descended to his son, Robert Moore, this Thomas Moore, and a granddaughter, Mary Stephens; that, in 1850, Thomas Moore. the younger, then about twenty years of age, left this State for California, and has not been heard from since 1866. In 1853, proceedings were instituted for a partition of the estate of Thomas Moore, senior, and one Alfred Tucker was appointed a com-

missioner to make partition and pay over the proceeds to these several heirs, each share amounting to four hundred and forty-four dollars, which the commissioner received in money, and paid to John Brewster. deceased. the guardian of Mary Stephens, her share, to Robert Moore his share, and, without any authority whatever. as appears. paid to Robert his brother Thomas' share. In 1859 or 1860, Robert Moore, being in debt to his brother Thomas in this sum of four hundred and forty-four dollars, and also to other parties, agreed to sell his farm to Brewster, to pay his debts, and among them this debt to his brother Thomas. For what price the farm was sold, does not appear. Brewster's administrator proved one payment of more than two hundred dollars to one Fouke, a creditor of Robert, and offered to show for what the farm was sold by Robert Moore to him. This evidence the court refused to admit. The defense was, the Statute of Frauds and Perjuries and the Statute of Limitations.

To sustain the recovery, it is urged by appellee that this was a trust fund, and the recovery not barred by the Statute of Limitations. It is claimed and argued by appellee that Brewster, in his lifetime, had become security for the payment of the money received by Robert Moore, belonging to his brother Thomas, which fact, they insist. gives it the character of trust money, and not barred by the Statute of Limitations. A careful examination of the record betrays the existence of no such fact. Neither Dougherty, Dill. the Clarks. nor Mrs. Pratt, called for appellee, state anything of the kind. The simple fact is, that Brewster, on the purchase of Robert Moore's farm, undertook to pay this debt Robert then owed his brother Thomas. As Dougherty states it, Brewster told his brother he had bought Robert Moore's farm, and had become paymaster to Thomas for Robert Moore. This was in 1860. At this time, the relation of these parties was that of debtor and creditor.

It has been settled, by repeated decisions of this court, that, in case of simple contracts, the person for whose benefit a

promise is made may maintain an action in his own name upon it, although the consideration does not move from him. *Eddy* v. *Roberts*, 17 Ill. 505; *Brown* v. *Strait*, 19 ib. 89; *Bristow et al.* v. *Lane et al.* 21 ib. 194, where the English and American authorities are considered.

In 1860, when this promise was made by Brewster to Robert Moore, admitting it was made, Thomas Moore had a clear right of action against Brewster to recover the amount, had he chosen to accept Brewster as his creditor, and, if dead, his administrator had a right of action for five years thereafter. These proceedings were instituted more than thirteen years thereafter, and some years after the death of Brewster.

Under this state of fact, we are at a loss to perceive why the claim was not barred by the Statute of Limitations. We fail to see in the transaction any indication of a trust, to any greater extent than any ordinary assumpsit by one person, for a valuable consideration, to pay a debt he owes, to a third party, instead of paying to the party with whom he contracted.

A court of equity has jurisdiction in all cases of strict trust, but where a mere confidence is reposed, or a credit given, it will not exercise such jurisdiction. As this court said, in *Doyle et al.* v. *Murphy et al.* 22 Ill. 502, the various affairs of life, in almost every act between individuals in trade and commerce, involve the reposing of confidence or trust in each other, and yet it has never been supposed that because such confidence or trust in the integrity of another has been extended and abused, therefore a court of equity would, in all such cases, assume jurisdiction.

It is true, as there said, when property is conveyed or given by one person to another, to hold for the use of a third person, such a trust would thereby be created as would give equity jurisdiction to compel the application to the purposes of the trust. But such is not this case. Here was the sale of a farm by the owner, to pay his debts, among which was this debt due his brother Thomas, and which Brewster assumed

to pay.   It is an ordinary case of debtor and creditor, and the Statute of Limitations was a bar to a recovery.

This money, when in the hands of Tucker, the commissioner, was a trust fund, from which he had no right, of his own mere motion, to part, and place in the hands of Robert Moore, who is not shown to have had any authority to receive it.   There can be no doubt the estate of Thomas Moore has a right of action against Tucker, to recover this money, with interest.

There are some objections made on excluding the testimony of Steele, one of the administrators of Brewster, called by the defense.   We see no grounds for excluding his testimony, he being called to state what he knew of the case before he became administrator, and afterwards.   At first blush he seems to have been competent, not being within any of the exceptions of section 2, chapter 51, R. S. 1874, title, "Evidence and Depositions."

It was also error to exclude the testimony of French, as offered by appellant, and also that of Parks, as to the price to be paid for the farm, and how it was paid.

For the errors above discussed, the judgment is reversed and the cause remanded.

*Judgment reversed.*