LEANDER DOUGLASS

*v.*

JOSEPH MARTIN et al.

*Filed at Ottawa May 12, 1882.*

| 103 | 25 |
|-----|-----|
| 64a | 243 |

| 103 | 25 |
|-----|-----|
| 102a | ¹500 |

| 103 | 25 |
|-----|-----|
| 210 | ¹158 |
| e112a | ¹280 |

1.  CHANCERY JURISDICTION—*when there is a complete remedy at law.* The general rule, subject to a few exceptions, is, that a court of chancery is prohibited from entertaining jurisdiction in all cases when the plaintiff has a complete and adequate remedy at law.    When the court of law has jurisdiction, the complainant must show that his case falls within the exception, to entitle him to relief in equity.

2.  SAME—*under the head of trust.*    Where a friend of one under indictment places money in the hands of another, under a contract that if an attorney shall procure the acquittal of the accused, or his discharge from arrest, by *habeas corpus* or otherwise, the depositary is to pay the amount thereof to the attorney, otherwise to return the same to the person depositing it, there is no such a trust created as to entitle the attorney to sue for and recover the sum promised him, in a court of equity, the remedy being adequate at law.

3.  TRUST—*to give a court of equity jurisdiction.*    The mere delivery of property or money to one to be held by him until the performance of an act by

another, when it is to be paid over to such other person, otherwise returned, does not, independent of other equitable circumstances, necessarily create a trust. It must either vest an equitable title in or create a lien in favor of the beneficiary, and this must be by agreement of the parties, or under such circumstances as equity will declare a lien exists.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. L. DOUGLASS, *pro se:*

A court of equity has jurisdiction to declare and enforce trusts. *Harris* v. *Douglass,* 64 Ill. 466; *Hopkins* v. *Granger,* 52 id. 504; *Attorney General* v. *Illinois Agricultural Coll.* 85 id. 516; *Coates* v. *Woodworth,* 13 id. 659; 2 Story's Equity Jur. 60; *Doyle et al.* v. *Murphy et ux.* 22 Ill. 509; *Steele et al.* v. *Clark,* 77 id. 474; *Marlow* v. *Marlow,* 77 id. 633.

A trustee may be defined to be a person in whom some estate, interest or power in or affecting property of any description, is vested for the benefit of another. Hill on Trustees, 65.

All the conditions to the relation of a trustee concur in this case. *Matteson* v. *Kellogg et al.* 15 Ill. 547; 2 Story's Equity Jur. 295, sec. 964.

Mr. A. B. JENKS, for the defendants in error:

A court of equity will not declare a trust where there is a remedy at law. Story's Equity Pl. sec. 473; *Doyle* v. *Murphy,* 22 Ill. 502.

A trust is where there is such a confidence between parties that no action at law will lie, but is merely a case for the consideration of a court of equity. *Sturt* v. *Mellish,* 2 Atk. 612; 2 Story's Equity Jur. sec. 964.

There is adequate remedy at law, and if merely calling this a trust gives a court of chancery jurisdiction, then in every case of a promise the court would have jurisdiction if

complainant called it a trust. Our law does not recognize equitable attachments. *Bigelow et al.* v. *Andress*, 31 Ill. 323.

Equity can only recognize and enforce a lien which is created by the acts of the parties. *Davey et al.* v. *Eckert*, 62 Ill. 218.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by plaintiff in error, in the Superior Court of Cook county, against defendants in error, for relief on this agreement:

"This agreement between M. C. McDonald, Joseph Martin and Leander Douglass, witnesseth:

"That said Douglass is to act as the attorney of Pat. Guerin, now in Knox county jail under indictment for larceny, and also for conspiracy to commit larceny; and said Martin has deposited with said McDonald $1200. Now, if said Douglass succeeds in obtaining the release of said Guerin, on *habeas corpus, nolle pros,* or on final trial in the circuit or Supreme Court, then the said McDonald agrees to pay said money to said Douglass; and if, in the end of the litigation, said Guerin shall not be successfully defended or released, or if said Martin shall procure his release before the first Monday of October next without the services of said Douglass, then the money to be paid to said Martin."

It was dated the 23d of July, 1880, and was signed by Martin, Douglass and McDonald.

The bill alleges that Douglass entered upon the defence, as required by the agreement; that the indictment against Guerin for conspiracy to commit larceny was by complainant procured to be dismissed; that he rendered other valuable services in the defence of Guerin; that he and Martin conspired to cheat complainant out of his fee, and in pursuance thereof Guerin plead guilty to the indictment for larceny, and was sentenced thereunder to a term in the penitentiary,

thereby rendering it impossible for complainant to perform his contract by procuring his acquittal before a jury. He alleges he was ready, able and willing to perform his part of the contract, and to try the case before a jury. It is alleged in the bill that the amount mentioned in the contract as having been deposited by Martin with McDonald was a certificate of deposit in a Chicago bank, and was assigned by Martin to McDonald as a fund with which to pay complainant for his legal services in the case, and it is alleged that this thereby became a trust fund in favor of complainant. To this bill a demurrer was filed, which was sustained by the court, and the bill was dismissed. The case was removed to the Appellate Court for the First District, where, on a hearing, the decree was affirmed, and complainant brings the case to this court on error, and urges a reversal. He assigns for error that it was error in the Appellate Court to affirm the decree of the lower court, and that it should have been reversed.

The question of the jurisdiction of a court of equity lies at the threshold of this case. It is urged, in support of the decree, that there is a complete remedy at law, and that a court of equity has no power to afford relief even if plaintiff in error has grounds of recovery. As long as the difference is recognized between the jurisdiction of the two forums, each must be confined to its own, and it is the province of the legislature, and not the judicial department, to abolish the distinction. It is a rule that has never been questioned, that where the two courts prevail, a court of chancery is prohibited from entertaining jurisdiction in all cases where the plaintiff has a complete and adequate remedy at law. The rule is, however, subject to the limitation that in a small number of cases the jurisdiction is concurrent, and in others the General Assembly has conferred on the court of chancery a concurrent jurisdiction. But they do not form the rule, but are exceptions to it. And where a court of law has juris-

diction, complainant must show that his case falls within the exception, before he can obtain relief in equity. These propositions are plain, and familiar to the entire profession; but while they are fully recognized, difficulty may and does arise as to their application in some cases.

It can not be successfully contested that an action at law would lie on this agreement, nor is it perceived why it would not be as adequate and fully as complete, as a remedy, as by a bill in chancery. If a recovery was thus obtained, it would be against the same parties that a decree would be rendered, and the fruits of the judgment as certain and effectual. In an action at law, if a breach of the agreement was averred and proven, a judgment would follow, with an assessment of the amount of damages proven.

But it is claimed that the court should take jurisdiction under its equitable head of administering a trust,—that when Martin placed the money in McDonald's hands it became a trust fund, to be held by him for plaintiff in error. We fail to see on what principle, or under what rule, it can be a trust. When a person loans another a sum of money, or sells him property on time, there is, in one sense, a trust, but not in the equitable sense. Complainant did not look to that fund for payment, but he took McDonald's contract to pay it on the performance of the agreement by plaintiff in error. McDonald did not agree to pay plaintiff in error from that specific fund, but the promise was general. The agreement does not show, nor is it alleged, that the money was placed in McDonald's hands as a stakeholder; but if it did appear, that would not confer jurisdiction on a court of equity. The books abound with cases of suits against stakeholders, and no case has come to our attention where a suit in chancery was maintained in such a case. We are clearly of opinion that the remedy was at law, and not in equity.

Plaintiff in error refers to the case of *Steele* v. *Clark*, 77 Ill. 471, as controlling this case. We regard this as a misappre-

hension. It is true that the rule is there broadly stated that where property is conveyed or given by one person to another for the use of a third person, such a trust as is recognized and administered by equity will be created. That was not said with a view to defining the rule with precision. The mere delivery of property or money to be thus held, independent of all other circumstances, does not necessarily create such a trust. Other and equitable considerations must exist to produce that effect. It must either vest an equitable title in, or create a lien in favor of, the beneficiary, and this must be by agreement of the parties, or under such circumstances as equity will declare a lien exists. There is nothing to show such title or lien in this case.

Perceiving no error in this record, the decree of the Appellate Court is affirmed.

*Decree affirmed.*