THE WESTERN UNION TELEGRAPH COMPANY

v.

A. W. HOPE.

</div>

1. TELEGRAPH COMPANIES—LIABILITY—FAILURE TO SEND MESSAGE PROMPTLY.—A telegraph company is in some respects like a common carrier, and is under a duty to perform the service it undertakes in a prompt and skillful manner, and for any breach of this duty it is liable to the party injured, whether he be the sender or receiver of the message.

2. OBJECTION TO EVIDENCE.—An objection to the admission of evidence

should be made upon the trial and in such manner that the objection may be obviated by producing other witnesses or otherwise. It is error to allow objectionable evidence to be heard without objection and afterward exclude it from the jury by instruction.

3. TECHNICAL TERMS IN INSTRUCTION.—The defense being that the failure to transmit was caused by a break in the wires, occasioned by a storm, an instruction using the term "atmospheric causes," as applied to the cause of failure, may have been misleading.

APPEAL from the City Court of Alton; the Hon. A. H. GAMBRILL, Judge, presiding. Opinion filed September 29, 1882.

Mr. G. B. BURNETT, for appellant.

Messrs. HOPE & DUNNEGAN, for appellee.

WALL, J. This was an action on the case by the appellee against the appellant. The appellee, who is an attorney at law, complains of the appellant, a telegraph company, for not promptly delivering a message sent him by one Ruderhausen, to inform him that one Seafort, for whom the plaintiff had obtained a writ of habeas corpus, would be taken before the judge of the circuit court at Belleville, for a hearing that day, and it is alleged that by reason of an unnecessary delay on the part of the company, the plaintiff did not receive the information in time to attend the hearing, and that thereby he failed to earn and receive a fee which he would have earned and received had the message been promptly forwarded and delivered. The message was sent from East St. Louis, and directed to the plaintiff at Alton. It was handed to the East St. Louis operator at 7 A. M. Jan'y 6, 1882, and was not received at Alton till about noon the same day. Of course such delay would demand explanation, and the company sets up as an excuse that there was no direct communication between the two points because the wires were down by reason of a storm of sleet which had occurred some 48 hours prior to the receipt of the message for transmission, and that it had to be sent around by way of St. Louis, Chicago and Jacksonville. The plaintiff recovered. It is insisted by the defense that there was no contract between the plaintiff and the company,

and that the liability of the latter is wholly with the sender of the message, who alone has a right of action, and in support of this proposition, counsel cite the English case of Playford v. U. K. T. Co. 4 Q. B. 706, found in Allen's Tel. Cases, 437. This case does so hold, but in the note following the case in Allen, it is said that this is not the American rule on the subject; that the company is a public servant in many respects like a common carrier, and is under a duty to perform the service it undertakes, in a prompt and skillful manner, and that for a breach of this duty, it is answerable to the party injured by its neglect, whether that party be the sender or the receiver of the message. See, also, to the same effect, Redfield on Carriers, Sec. 550; W. U. Tel. Co. v. Fenton, 52 Ind.; 1 Cooley on Torts, 647; Shear. & Red. on Neg. Sec. 553. There are also authorities to the point that there is sufficient privity of contract between the receiver and the company, to enable the former to maintain an action against the latter for negligence, though the price of transmission was paid by the sender. Wait's Actions and Defenses, Vol. 6, page 17; N. Y., etc., Tel. Co. v. Dryburg, 35 Penn. St. 298. It is a well settled rule that in cases of simple contracts, a party for whose benefit a contract is made may maintain an action in his own name, though the consideration does not move from him, and though he is not a party to the contract. Addison on Contracts, 22; Eddy v. Roberts, 17 Ill. 505; Bristow v. Lane, 21 Ill. 194; Steele v. Clark, 77 Ill. 471; Shear. & Red. on Neg. Sec. 560. In many instances the transaction with a telegraph company is wholly for the benefit of the receiver, and not for that of the sender. So it was in this case; and it would be unjust that the company should escape liability for its negligence upon the ground that no injury had been sustained by the person with whom the contract was made; and if liable at all, it should be held for all the actual proximate damages occasioned by its negligence. On the trial the company introduced as a witness Mrs. Price, the manager at the Alton office, who testified that at the time this message was received the wires were down; that there was in consequence no communication between East St. Louis and Alton;

that this state of things continued from the 4th to the 7th of January and was occasioned by a heavy sleet storm which occurred on the night of January 4th. The witness said she did not of her own knowledge say so, but she was so informed, and presumed it was true, that the circuit was broken on account of the wires being down by reason of the storm, which was general, and thereby all communication was interrupted; that she obtained her knowledge that the wires were down in course of her business; that it was her business to know that fact; that she did not see the wires down; that there was heavy sleet on the wires; that orders were given to cut the wires and piece them in different places, to make one wire out of several wires, and that even after piecing the wires she found it impossible to get communication, and that it was not the neglect of the operator. At the instance of the plaintiff the court gave the following instruction: Second. "The court instructs the jury that hearsay evidence is not competent evidence, whether to establish plaintiff's case or the defendant's defense, and if the jury believe from the evidence that Mrs. Price did not know of her own knowledge that the wires of the defendant were out of repair between Alton and East St. Louis, but derived her knowledge from what other persons told her, then this is hearsay evidence and should not be considered by the jury in making up their verdict." The effect of this was to advise the jury to reject the greater part of the evidence of this witness upon the material point as to the condition of the wires and the cause of the break in the circuit. It does not appear that when the testimony was given it was objected to on the ground of hearsay, or that any effort was made to exclude it from the jury. Had this been done the court would no doubt have rejected all that was objectionable, and the defendant could have called other witnesses who had personal knowledge of the facts in question. A party ought not to be permitted to take exception to testimony in this way. In practice it is very frequently the case that evidence is heard without objection, when if objected to, it would be excluded under some well known rule, but when it is allowed to go, the objection is waived, and the evidence can not afterward be ex-

W. U. Tel. Co. v. Hope.

cluded by an instruction to the jury to disregard it, without affording an opportunity to establish the fact involved, by other and competent evidence. Such a course would operate unfairly and should not be adopted. The court also gave the following instruction for the plaintiff: Third. "If the jury believe from the evidence that Ruderhausen sent a telegraph message from East St. Louis to A. W. Hope at Alton, Illinois, by the Western Union Telegraph Company on the 6th day of January, and the defendant failed and neglected to transmit and deliver the message within a reasonable time, and the jury further believe that the defendant was not prevented by atmospheric causes, then the jury will find for the plaintiff such damages as has been shown by the evidence." This instruction informs the jury that no excuse save one arising from "atmospheric causes" would relieve the defendant. Whether a jury would suppose that a break in the wires produced by sleet would come within the category of atmospheric causes would be quite uncertain. This term might well be employed in referring to the condition of things produced by an extraordinary disturbance of the electric current, irregularities in its power and efficiency by reason of sudden changes of temperature and the like, but might not be understood to include such an interruption as was here alleged.

Jurors should be instructed in plain, unambiguous terms. This instruction is also faulty in assuming that the failure of the defendant to deliver the message promptly to the plaintiff did cause damages when this was one of the substantial questions before the jury. It is true that at the instance of the defendant the jury were fully instructed on this point, and were this the only objection we should not, perhaps, interfere; but for the other error in giving the second instruction, we think the judgment should be reversed and the cause remanded.

Reversed and remanded.