## Mary E. Blair, Lucia D. Ford, Margaret J. Harwood, Charles J. Burton and Edward A. Burton v. George A. Follansbee, Adm.

1. EXPRESS TRUST—*When Created.*—The following language—"Received from Stephen Burton, twelve thousand five hundred dollars, on which sum I agree to pay him interest * * * so long as he shall live, interest payable semi-annually. And within eighteen months after the death of said Stephen Burton, I agree to pay said principal sum in manner following: $2,500 to Lucia D. Ford, or her heirs * * * with interest on said several sums of money," * * * does not create an express trust allowable against an estate as a preferred claim of the sixth class.

Administration of Estates.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

W. D. Washburn, attorney for appellants.

Frank Asbury Johnson, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

During the lifetime of Stephen Burton, the appellee's intestate executed and delivered to him a paper in writing as follows :

" $12,500.

Received from Stephen Burton, twelve thousand five hundred dollars, on which sum I agree to pay him interest at the rate of six per cent per annum, so long as he shall live, interest payable semi-annually.

" And within eighteen months after the death of said Stephen Burton, I agree to pay said principal sum in manner following : $2,500 to Lucia D. Ford, or her heirs; $2,500 to Mary E. Blair, or her heirs; $2,500 to Margaret J. Harwood, or her heirs; $2,500 to Charles J. Burton, or his heirs; $2,500 to Edward A. Burton, or his heirs, together with interest on said several sums of money last mentioned at six per cent per annum from the date of the payment of the last installment of interest to Stephen Burton, until paid. Interest and principal payable at my office in Chicago, Illinois.                    Edwin Bean.

Chicago, April 6, 1881."

The said Stephen Burton died September 22, 1889, and the appellants are the persons mentioned in the writing as ultimate payees of the money. The said Edwin Bean died October 7, 1890, and appellee is administrator of his estate. Within apt time the appellants filed their claim, predicated upon said writing, in the Probate Court of this county, against Bean's estate, and petitioned that the same be allowed as a preferred claim under class 6, Sec. 70, Chap. 3, Rev. Stat., entitled " Administration of Estates," upon the ground that the writing constitutes an express trust within the meaning of said class 6.

The Probate Court refused to allow the claim as of class 6, but ordered and allowed it as of class 7, which placed it

upon a level with all claims having no quality or dignity entitling them to a preference.

Upon appeal to the Circuit Court by the claimants, a like order was made, and now this court is appealed to.

On the trial, it was shown that on the same day of giving the above instrument, Bean executed to Burton a mortgage on real estate, wherein it was recited that Bean was "justly indebted" to Burton in the sum of $12,500, evidenced by his certain instrument in writing of that date, and that on April 3, 1882, Burton released the mortgage, but expressly recited in the release that it was "not in satisfaction of said debt."

There was no recital in the mortgage, any more than there is in the writing in question, declaratory of any trust.

We can not put into a document a meaning that itself does not warrant. Looking at the paper, it appears to be no more nor less than an acknowledgment of an indebtedness for money loaned to Bean, upon which he agreed to pay interest to one person until the happening of a certain event, and eighteen months from the happening of that event, to pay the principal sum and interest, unpaid and to accrue, to other persons.

To hold such an agreement to constitute a trust in the promisor for the benefit of the persons named of the ultimate payees of the fund, would be to hold, in effect, that every promissory note which should not mature during the lifetime of the payee, who remained the holder at his death, would evidence a trust fund in the hands of the maker for the benefit of the heirs or personal representatives of the payee. In the latter case, the law would with equal certainty point out the persons entitled to the money, as in this case the parties did by their own act. We refer to Weer v. Gand, 88 Ill. 490; Svanoe v. Jurgens, 144 Ill. 507; Steele v. Clark, Adm., 77 Ill. 471.

We do not deem it to be necessary to add anything because of the fact that both Burton and Bean styled the transaction as a debt and not as a trust, in the mortgage and release deed.

The judgment of the Circuit Court is affirmed.