## The DesMoines Life Insurance Company

### v.

### Bertha Seifert.

*Opinion filed June 23, 1904.*

Equity—*when equity cannot entertain bill to cancel insurance policy.*
In the absence of special circumstances a court of equity cannot
entertain a bill by an insurance company to cancel an insurance
policy after the death of the insured upon the ground that it was
obtained by false statements of the insured, since the company
has an adequate defense at law to a suit on the policy.

*DesMoines Life Ins. Co.* v. *Seifert,* 112 Ill. App. 277, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding.

This was a bill in chancery filed by the appellant, against the appellee, in the superior court of Cook county for the surrender and cancellation of a policy of insurance issued by appellant upon the life of Ernst Seifert, in which appellee was named as beneficiary, on the ground the policy was obtained by means of the false and fraudulent representations made by Seifert to the appellant at the time the policy was issued. The bill was amended, an answer and replication were filed, and upon the motion of the appellee to set down the case for hearing the court found that the bill as amended set forth no facts giving a court of chancery jurisdiction, and of its own motion entered a decree dismissing the amended bill for want of equity, which decree has been affirmed by the Appellate Court for the First District and a further appeal has been prosecuted to this court.

The material allegations of the bill are, that on November 3, 1899, upon the written application of Ernst Seifert the policy was issued; that Seifert in said application made false and untrue statements with regard to

his use of intoxicating liquors and in regard to his being intoxicated during the three years prior to his application, and also with regard to the physicians who had attended upon or been consulted by him during that period; that the appellant relied upon the truth of said statements which were warranted by said Seifert to be true; that Seifert died July 8, 1902, of cardiac dilatation and chronic alcoholism; that appellant, on August 8, 1902, first ascertained that said statements were false, and on August 22, 1902, filed its bill to cancel the policy. The policy contained a clause that suit must be brought thereon within one year of the time of the death of the insured.

George R. Sanderson, and Benjamin M. Shaffner, for appellant.

Coburn & Case, for appellee.

Mr. Justice Hand delivered the opinion of the court:

The controlling question in this case is, has a court of equity jurisdiction to entertain a bill by an insurance company against a beneficiary named in its policy, after the death of the insured, to cancel a policy the issuance of which is alleged to have been obtained by the false and untrue statements of the insured? We are of the opinion it has not, for the reason the insurance company has a plain and adequate defense at law to a suit upon the policy. (*Douglass* v. *Martin,* 103 Ill. 25; *Gore* v. *Kramer,* 117 id. 176; *Black* v. *Miller,* 173 id. 489; *Vannatta* v. *Lindley,* 198 id. 40; *Cable* v. *United States Life Ins. Co.* 24 Sup. Ct. Rep'r. 74.) In the case of *Gore* v. *Kramer, supra,* the general rule is thus stated (p. 182): "The rule has been often repeated in this court that a party can have no standing in a court of equity who has a plain and adequate remedy or defense at law."

In *Black* v. *Miller, supra,* the cancellation and surrender of a promissory note which was past due was sought

to be obtained upon the ground of its alleged invalidity. It was held the bill could not be maintained, as it appeared from the face of the bill that the complainant had a complete defense to a suit at law upon the note. On page 492 the court said: "Courts of equity will, in a proper case, require the surrender and cancellation of written instruments. * * * When, however, a party alleging himself to be injured by the existence of a written instrument has a complete defense against it in an action at law, he cannot ask a court of equity to require its surrender and cancellation unless the remedy by defense relied on is inadequate to promote the ends of justice and afford complete relief."

In *Vannatta* v. *Lindley, supra,* a bill in equity was filed to have a promissory note and power of attorney to confess judgment thereon declared null and void and delivered up to be canceled, and also to enjoin the entry of judgment thereon, and it was held equity will not take jurisdiction to cancel an alleged forged note or one the execution of which was obtained by fraud, since such facts would constitute an adequate defense in an action at law although it contained a power of attorney to confess judgment. On page 43 the court said: "The mere fact that it may be more convenient for parties to maintain an action or make a defense in equity than at law will not justify a resort to the former jurisdiction if the remedy is complete and adequate in the latter."

In *Cable* v. *United States Life Ins. Co. supra,* the Supreme Court of the United States held that a court of equity would not take jurisdiction to cancel a policy of insurance obtained upon fraudulent representations and suppression of facts, "when those representations and suppressions can be perfectly well established in a defense at law in a suit upon the policy." And in *Phœnix Mutual Life Ins. Co.* v. *Bailey,* 13 Wall. 616, the same court said: "Where a party, if his theory of the controversy is correct, has a good defense at law to 'a purely legal de-

mand,' he should be left to that means of defense, as he has no occasion to resort to a court of equity for relief unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy."

No special circumstances are alleged in this bill to show the right of the appellant to resort to the equity side of the court. Its alleged defense, according to its own showing, can be fully made in an action at law upon the policy, which action, under the terms of the policy, must be commenced within one year from the date of the death of the insured, in which action the alleged defense can be disposed of in the usual way before the court and a jury.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*