Henning v. Quindel, 195 Ill. App. 393.

---

## Rose Henning, Appellee, v. Henry Quindel, Appellant.

### Gen. No. 21,279.

1. CONTRACTS, § 385*—*when evidence sufficient to show existence.* In an action to recover on a contract alleged to have been made between defendant and a third person for the benefit of plaintiff, evidence examined and *held* to prove a contract whereby defendant received money on condition that he pay the amount sued for to plaintiff, and the balance to another.

2. CONTRACTS, § 377*—*when letters and statements admissible.* In an action to recover on a contract to deliver money made between defendant and another for the benefit of plaintiff, where it appeared that on being shown by plaintiff letters of such third person to her, stating the nature of the contract sued on, defendant said: "I have got the money, Mrs. Henning, but I cannot turn it over to you," also giving his reasons therefor, *held* that the letters were competent as was also defendant's statement after reading them, notwithstanding the fact that the letters were written by another, as tending to prove an admission by defendant of the correctness of the statements made in the letters, the attitude of defendant towards the contents of the letters making them competent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. CONTRACTS, § 377*—*when evidence incompetent.* In an action to recover on a contract between defendant and another whereby defendant agreed to pay money to plaintiff, where it appeared that such third person had taken money from a partnership of which he was a member, evidence of money so taken *held* properly excluded, for the reason that such evidence was incompetent as having no bearing on the question of the money to be paid to plaintiff under the contract.

4. CONTRACTS, § 349*—*when beneficiary may sue.* One for whose benefit a contract is made may maintain an action thereon although the consideration of such contract does not move from her.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

RATHJE & WESEMANN, for appellant; GUY VAN SCHAICK, of counsel.

NEWMAN, POPPENHUSEN & STERN, for appellee; LAWRENCE A. COHEN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit upon an agreement entered into between her husband, Frank Henning, and the defendant. She had judgment for $415, from which defendant appeals.

The Farmers' Bank of Shaumburg is a private bank and a copartnership. Frank Henning was one of the copartners and the defendant also was a copartner. Henning took money of the bank to a large amount, said to be $42,000. He was arrested in New York City and placed in the Tombs prison there, where the defendant had an interview with him for the purpose of recovering the money of the bank. The jury were justified in believing from the evidence that at this interview Henning told the defendant that he had in his possession $2,415, that $2,000 of this belonged to the Farmers' Bank but that $415 belonged to his wife

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(the plaintiff); that Henning gave Quindel a check for $2,415, on condition that defendant pay $2,000 to the bank and $415 to his wife, and that defendant took the check subject to those conditions and agreed thereto. Subsequently, when plaintiff requested defendant to turn over to her the $415, defendant refused. Upon one occasion plaintiff showed defendant two letters she had received from her husband which told of the arrangement with defendant to deliver to her $415, which letters were read by the defendant, who then said: "I got the money, Mrs. Henning, but I cannot turn it over to you; I have got to wait and see what the courts decide." There was also testimony as to another admission by defendant of the aforesaid agreement with Frank Henning. The evidence was sufficient to prove a contract by defendant to give the $415 to plaintiff.

Were the letters above referred to incompetent? They were competent together with defendant's statement after reading them, as tending to prove an admission by him of the correctness of the statements in the letters that defendant had agreed to turn over the money to plaintiff. The fact that the letters were written by the husband of plaintiff is not material. It is the attitude of defendant towards their contents which makes them competent. *Freet v. American Elec. Supply Co.,* 257 Ill. 248. See, also, *Rich v. Flanders,* 39 N. H. 304, beginning at the bottom of page 339, where appears a statement of the rule precisely in point.

It was not error to exclude evidence as to moneys taken by Frank Henning which had no bearing upon the $415 in controversy. Other points made by defendant are equally without merit.

The plaintiff, for whose benefit the defendant made the agreement, may maintain an action although the consideration does not move from her. *Steele v. Clark,* 77 Ill. 471.

Plaintiff was clearly entitled to recover, and the record being free from reversible error the judgment is affirmed.

*Affirmed.*