Chicago National Life Insurance Company, Appellant,
v. Elmer Carbaugh, Appellee.

Gen. No. 8,066.

Opinion filed
August 12, 1929.

LEE D. MATHIAS and KARL MOHR, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellant prosecutes this appeal to reverse a decree of the circuit court of Winnebago county, dismissing for want of equity a bill for the cancellation of a certain policy of insurance issued to one Bessie V. Carbaugh.

Said bill alleges that on November 7, 1927, the insured made application in writing for a policy of

$1,000 in appellant company; that certain of the material statements contained in said application were untrue and were fraudulently made; that appellant company did not know that any of said statements or representations were false and untrue until after the death of said insured, which occurred on May 16, 1928; that, upon the death of said insured, appellant caused an investigation to be made as to the cause of death and "from such investigation it is informed and believes and charges the fact to be that divers of the material representations contained in said application are false, untrue and fraudulent, and that said insured knew the same to be false, untrue and fraudulent at the time they were made; that, had appellant known of such untrue and fraudulent statements, it would not have issued said policy." After a detailed statement as to the representations in said application, alleged to be material, and which are alleged to be untrue, false and fraudulent, it is averred that "there is no express limit of time in accordance with the terms of said policy within which the beneficiary may bring suit upon said policy; that, on the contrary, under the provisions of the first paragraph on page three of said policy, it is provided as follows:

" 'This policy is free from restriction as to occupation, residence or travel, and shall be incontestable after it shall have been in force, during the lifetime of the insured, for one year from date of issue, except for nonpayment of premiums.' "

Said bill further charges that no administrator had been appointed for the estate of said insured; that appellant had been ready, able and willing to return the premium of $6 paid in by said deceased, together with interest thereon, amounting to thirty cents, and rendered the same in court; that no action had been brought by the beneficiary to recover on said policy; that appellant "is barred after one year from the date of said policy from contesting the same, except for

non-payment of premiums.'' That a rider was attached to the face of said policy for the payment of an emergency sight draft; that after the death of said deceased, and before the discovery by appellant of said alleged false and fraudulent statements, appellee, the beneficiary under said policy, drew a sight draft on appellant for $100, which was paid.

The prayer of said bill is that said policy may be declared null and void, and that said beneficiary be decreed to return to appellant said sum of $100, so paid as aforesaid.

To said bill, appellee filed a demurrer. Said demurrer was sustained, and said bill was dismissed for want of equity, as above set forth. There is no question with reference to the sufficiency of the allegations in the bill charging fraud in the procuring of said policy. The only question for our determination is as to whether appellant was entitled to have determined on said bill the validity of said policy.

Provisions in policies of insurance, making the same incontestable after a stated period of time, are valid and enforceable. *Monahan v. Metropolitan Life Ins. Co.*, 283 Ill. 136–140; *Ramsey v. Old Colony Life Ins. Co.*, 297 Ill. 592–595; *Joseph v. New York Life Ins. Co.*, 308 Ill. 93; *Powell v. Mutual Life Ins. Co. of New York*, 313 Ill. 161–164. The question here is as to whether, the insured having died within one year from the issuance of said policy, the incontestable clause means that in order to make said limitation effective, the insured must have lived one year after the date of said policy, as contended by appellee, or whether said provision limits the contesting of said policy to one year from its date, as contended by appellant.

It is insisted by counsel for appellant that the language in question is ambiguous; that, where the language of an insurance policy is ambiguous or uncertain, that construction shall be given which is most

favorable to the insured; and that the most favorable construction in this case is that said provision requires that, if a contest is to be made, it must be made within one year from the date of the policy.

The language of the incontestable clause here involved does not warrant the construction contended for by appellant.

Subparagraph 3 of section 1 of the act relating to the transaction of the business of life insurance in this State, etc., Laws of 1921, page 482 (Cahill's St. ch. 73, ¶ 375), among other things provides that any policy of insurance issued under the provisions of said act "shall be incontestable after it shall have been in force, during the lifetime of the insured, for two years from its date, except for non-payment of premiums."

The provision in the policy here involved is in keeping with the requirements of the statute, other than that the statute provides that such incontestable clause must limit the time to two years. It is not ambiguous, and it clearly discloses that, before the incontestable clause shall take effect, limiting the right of appellant to contest its liability under said policy, the policy must have been in force for one year during the life of the insured. Inasmuch as said policy was not so in force for the period of one year during the lifetime of the insured, appellant may make its defense in a court of law, should suit be brought, at any time hereafter, to recover on said policy. *Des Moines Life Ins. Co. v. Seifert,* 210 Ill. 157–158, citing *Douglass v. Martin,* 103 Ill. 25; *Gore v. Kramer,* 117 Ill. 176–182; *Black v. Miller,* 173 Ill. 489; *Vannatta v. Lindley,* 198 Ill. 40.

The construction we are placing on the language here involved is not in conflict with the decisions in *Monahan v. Metropolitan Life Ins. Co., supra; Ramsey v. Old Colony Life Ins. Co., supra; Joseph v. New York Life Ins. Co., supra, and Powell v. Mutual Life Ins. Co. of New York, supra.* The incontestable clauses

involved in each and all of said cases were contained in policies issued prior to the amendment of 1921, above quoted. When the statute was originally passed (Laws 1907, p. 367), providing that all life insurance policies issued under it should contain an incontestable clause, it did not contain the language "during the lifetime of the insured." That language was added in the amendment of 1921. In order to give meaning to said amendment and to the words added thereby, it is necessary to hold that the policy involved must have been in force for the specified period, prior to the death of the insured, before said limitation takes effect.

For the reasons above set forth, the decree of the trial court will be affirmed.

*Decree affirmed.*