Penn Mutual Life Insurance Company of Philadelphia, Appellant, v. Katharine Doyen, Appellee.

No. 40493.

December 9, 1930.

*C. H. E. Boardman,* for appellant.

*E. N. Farber* and *M. M. O'Bryon,* for appellee.

GRIMM, J.—Briefly stated, the facts are that, on December 12, 1928, the plaintiff issued to George J. Doyen the policy of life insurance in controversy. The said Doyen gave the plaintiff  a premium note, as payment of the first premium. On April 11, 1929, the plaintiff filed in the district court of Marshall County a petition in equity, alleging, in substance, the issuance of the policy; that Katharine Doyen, widow of the insured, is the named beneficiary; that she is the administratrix of the estate of George Doyen, deceased; that the policy in question was issued December 12, 1928, by which the plaintiff company agreed to pay the beneficiary the sum of $25,000, upon the filing of satisfactory proofs of death, and in compliance with the terms of the contract; that the policy or contract of insurance was issued by the plaintiff in consideration of and in reliance on said statements, answers, and representations of the insured made to it and to the company's medical examiner in the application dated December 8, 1928, and medical examination dated December 9, 1928, copies of which were attached to the petition.

The misrepresentations referred to pertain to the use of intoxicating liquors. The plaintiff alleged that, if the answers of the insured to the questions asked pertaining to intoxicating liquors had been truthful, the policy would not have been issued. The plaintiff alleges that it did not discover the false and fraudulent character of the representations until after the death of George J. Doyen.

There is an allegation of tender to the administratrix and widow of the premium paid. The plaintiff further alleges "that, so long as the said policy of life insurance remains outstanding, there is a grave risk that the evidence of the false and fraudu-

lent character of the representations made by the said George J. Doyen may become unavailable, and further avers that defendants are deliberately delaying action for that reason and on that account.''

There is an allegation that it (plaintiff) has no full, complete, and adequate remedy at law, and the plaintiff prays ''that it be ordered, adjudged, and decreed that the contract of life insurance be rescinded, and that Policy No. 1,380,042, issued by the Penn Mutual Life Insurance Company, of Philadelphia, Pennsylvania, on the life of George J. Doyen, and hereinbefore described, be delivered up and surrendered to it for cancellation, and the court may hold the same to be null and void, and of no further force or effect; and for such other and further relief as this court may deem just and equitable.'' Attached to the petition is a copy of the policy and application, together with the report of the examining committee.

On July 13, 1929, the defendant Katharine Doyen, widow of George J. Doyen, as administratrix of his estate, filed her answer, in the nature of a general denial, except as to certain specific admissions of allegations set out in the petition. On the same day, there was filed by ''Katharine Doyen, plaintiff,'' a cross-petition at law, but filed in the same suit and under the same suit number, in which she sought to recover in an ordinary law action against the plaintiff company on the policy of insurance. On August 15, 1929, plaintiff insurance company filed a reply to the answer, and on the same day, the insurance company filed an answer to the cross-petition.

On December 31, 1929, Katharine Doyen, as plaintiff, filed an amendment to her cross-petition at law. On March 11, 1930, Katharine Doyen filed her reply to the answer to the cross-petition, and on March 14, 1930, Katharine Doyen filed a motion to transfer to law, in two divisions, in the first of which she asked to have her cross-petition transferred to law, for assignment and trial, and in the second division, she asked to have her entire cause transferred to law, for assignment and trial. On March 19, 1930, the court sustained Ground 1 of said motion to transfer, and transferred said cause to the law side of the docket, and overruled Ground 2 of said motion. Both sides appealed.

I. The appeal of Katharine Doyen cannot be here considered, because there have been filed no list of errors relied upon

for reversal, no brief points of law, and no argument. This is too plain to require the citation of authorities.

II. It will be noted that nowhere does Katharine Doyen in any manner challenge the sufficiency of the petition filed by the insurance company as an action in equity. She has not, by a motion or otherwise, challenged the jurisdiction of the court to try the plaintiff's case, as set forth in its petition, upon the allegations therein set forth. The petition alleges that the plaintiff has no full, complete, and adequate remedy at law. Furthermore, the plaintiff alleges that "there is a grave risk that the evidence of the false and fraudulent character of the representations made by the said George J. Doyen may become unavailable, and further avers that defendants are deliberately delaying action for that reason, and on that account."

The prayer of the petition is that the contract of life insurance and the policy be delivered up and surrendered by cancellation, and that the court hold the same to be null and void. There is no claim made by the defendant that the court did not have jurisdiction to entertain and determine the cause of action filed by the plaintiff. A mere general denial is not sufficient to raise the jurisdiction of the court to try plaintiff's cause, as set forth in the petition, in equity.

Certain statutory provisions (Code, 1927) have a bearing on the question involved:

"10944. *Error—effect of.* An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket.

"10945. *Correction by plaintiff.* Such error may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterwards on motion in court.

"10946. *Correction on motion.* The defendant may have the correction made by motion *at or before the filing of his answer,* where it appears by the provisions of this Code wrong proceedings have been adopted. [Writer's italics.]

"10949. *Errors waived.* An error as to the kind of proceedings adopted in the action is waived by a failure to move for its correction at the time and in the manner prescribed in this chapter; and all errors in the decisions of the court are waived

unless excepted to at the time, save final judgments and interlocutory or final decrees entered of record.''

The defendant Katharine Doyen having failed to challenge the jurisdiction of the court to try the issues tendered by the plaintiff's petition in equity, and having answered and having filed her cross-petition of the counterclaim in the equity action, although having denominated it at law, can she thereafter move to have either her so-called cross-petition at law transferred to law, or the entire proceeding transferred to law? The appellee cites three cases which she claims are determinative of the matter before the court. They are *Biermann v. Guaranty Mut. Life Ins. Co.*, 142 Iowa 341; *Des Moines Life Ins. Co. v. Seifert*, 210 Ill. 157 (71 N. E. 349) ; *Insurance Co. v. Bailey*, 13 Wall. (U. S.) 616 (20 L. Ed. 501).

In the *Biermann* case, a suit was brought at law on a policy of life insurance. The defendant insurance company, by way of answer, alleged, in substance, that the insured had made false warranties, and that the policy had been procured by fraud and misrepresentations. After the action had been pending some time, the defendant insurance company filed a cross-petition, praying for a rescission and cancellation of the policy. The cross-petition was denied by the plaintiff, and the defendant moved that the issue thus joined be tried in equity, before trial of the law issues. The court refused to make the transfer. This court sustained the lower court, holding, among other things, as follows:

''The defendant had been brought into a court of law to answer to an action upon its contract. If that contract had been procured by fraud or false representations, such fact was a full, complete, and perfect defense to the action, and, if that defense was made good, the policy would be deprived of all vitality, as fully as could have been accomplished by a decree in equity, formally canceling it. The appropriate law issue for that purpose had already been joined, and was waiting trial before the cross-bill was filed.''

In *Des Moines Life Ins. Co. v. Seifert*, 210 Ill. 157 (71 N. E. 349), the insurance company brought suit in equity, asking for the surrender and cancellation of a policy of insurance on

the ground that the policy was obtained by means of false and fraudulent representations. The opinion contains the following language:

"The bill was amended, an answer and replication were filed, and, upon the motion of the appellee to set down the case for hearing, the *court found that the bill as amended set forth no facts giving a court of chancery jurisdiction,* and of its own motion entered a decree dismissing the amended bill for want of equity * * *." (Writer's italics.)

In *Insurance Co. v. Bailey,* 13 Wall. (U. S.) 616 (20 L. Ed. 501), a suit was brought by the insurance company to enjoin the beneficiary from assigning or in any manner disposing of the policies, and it also prayed that she might be compelled by the decree of the court to deliver up the policies to be canceled, and for further relief. The opinion contains the following:

"Proofs were taken on both sides, and, the cause having been duly transferred to the general term, the parties proceeded to final hearing, and the Supreme Court of the district entered a decree dismissing the bill of complaint with costs, but without prejudice, and the complainants appealed to this court."

It nowhere appears that the plaintiffs alleged equitable grounds, for the maintenance of the suit in equity was not questioned. The opinion contains the following:

"Suits in equity, the Judiciary Act provides, shall not be sustained in either of the courts of the United States in any case where plain, adequate, and complete remedy may be had at law, and the same rule is applicable where the suit is prosecuted in the chancery court of this district."

There is not here before us, and we do not here decide, the question whether, had Katharine Doyen, in a proper way, challenged the jurisdiction of the court to try the cause set forth in the petition in equity filed by the insurance company, she might have been entitled to transfer the entire cause to the law side of the calendar for trial to a jury. We have here a case where, without in any manner challenging the sufficiency of the petition as one in equity, alleging that the plaintiff had no plain, speedy, and adequate remedy at law, the defendant answered by way of

general denial the said petition in equity, and thereafter filed in said equity action, although denominated in the cross-petition at law, a "cross-petition or counterclaim," by which she sought to recover on the policy which the insurance company sought to have canceled.

If Katharine Doyen considered that the plaintiff's action had been erroneously brought, she was permitted, under the provision of Section 10946 hereinbefore quoted, to file a motion to have the error corrected, provided this is done "at or before the filing of his answer." This she failed to do, and she must be held to have waived the right to file the motion to transfer the cause of action set up by the insurance company in its petition in equity. Has she any greater right to have her own cross-petition transferred? She was under no obligation to file a cross-petition in the equity action. She might have brought an independent action at law, to recover on the policy. Even if, after she filed her cross-petition in the equity action, she discovered that she desired to have her claim on the policy tried as a law action, she could have dismissed her cross-petition and brought an independent action at law. She could do this at any time, at least before the assignment of the cause for trial.

The defendant, by filing her answer to plaintiff's petition, acquiesced in the jurisdiction of the court over the cause of action pleaded by the plaintiff. By filing in the equity action, as a part of her answer, the cross-petition or counterclaim, she also acquiesced in the jurisdiction of the equity court over the cause of action set forth in her cross-petition or counterclaim. This was the situation when she filed her motion to transfer. Manifestly, she was not entitled to have the entire cause of action transferred to law.

In the case of *Ryman v. Lynch,* 76 Iowa 587, the plaintiff brought a suit in equity, to foreclose a mortgage. The defendant pleaded a counterclaim, asking damage against the plaintiff for slander. The court, on motion of the defendant, refused to transfer the case to the law docket, to try the counterclaim to a jury. Afterwards, when the cause was reached for trial, the defendant demanded a jury for the trial of his counterclaim, which was refused; and these refusals are assigned as error. This court said, quoting Section 2517 of the Code, 1873 (now Section 10947 of the Code of 1927) :

" 'Where the action has been properly commenced by ordinary proceedings, either party shall have the right by motion to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and, if all the issues were such as were heretofore cognizable in equity, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings.' It will be observed that the language of the section is: 'Where the action has been properly commenced by ordinary proceedings, either party may, by motion,' etc. Does it follow, as a legal sequence, that, in actions properly commenced by equitable proceedings, the same rule is to follow as to law issues tendered? The letter of the statute surely does not warrant it. We have no right to carry the law further than the legislature intended, and, having the subject of the separation of such issues for trial before it, if more had been intended, it would naturally have been expressed. Under familiar rules for statutory construction, there is reason for thinking that, having provided in terms for such a separation in one class of actions, it was designed to exclude it in the other. Add to this Section 2740, and we see little room for doubt. It is as follows: 'Sec. 2740. Issues of fact, in an action in an ordinary proceeding, must be tried by jury unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made.' The tendering of the opposite issue does not change the character of the proceeding. It retains its character for the purpose of trial, until changed by the court. This, then, after the answer was filed, was an issue of fact in an equitable proceeding, and must, under Section 2740, be tried by the court.''

It is a general rule that, when equity has once obtained jurisdiction of a controversy, it will determine all questions material or necessary to the accomplishment of full and complete jurisdiction between the parties, even though in doing so it may be required to pass upon some matters ordinarily cognizable at law. *Johnson v. Carter,* 143 Iowa 95, 100; *Clinton v. Shugart,* 126 Iowa 179, 188; *Reiger v. Turley,* 151 Iowa 491. See, also, *Fisher v. Trumbauer & Smith,*

160 Iowa 255; *Williamsburg Sav. Bank v. Donohoe,* 203 Iowa 257.

In the recent case of *Pace v. Mason,* 206 Iowa 794, the plaintiff brought a suit in equity to recover upon a promissory note executed by the defendants Mason. One Oxford was made a defendant, as having a subsequent interest in the mortgaged premises. He answered, admitting the execution of the note and mortgage, but alleging that the interest was paid, and that only the principal remained unpaid. Oxford filed also a cross-petition, alleging various matters, demanding judgment for $2,000; and the plaintiff, Pace, moved to transfer to the law docket Oxford's cross-petition. This motion was sustained, and, on appeal, was by this court reversed. This court said:

"This action was properly a case in equity. The plaintiff elected to pursue his remedy in a court of chancery. The statute makes no provision, in a suit properly brought and maintainable in equity, for transferring to the law docket issues at law arising on the answer, though it does make provision for transfer of equitable issues arising in an action properly brought at law. The statute decides the forum in which the issues are to be tried. When a suit is properly brought in equity, all issues arising therein are triable by equitable proceedings, without a jury. The statute does not, in such case, permit separation of issues for trial in different forums. *Eller v. Newell,* 159 Iowa 711, 715; *Fisher v. Trumbauer & Smith,* 160 Iowa 255; *Marquis v. Illsley,* 99 Iowa 135; *Wilkinson v. Pritchard,* 93 Iowa 308; *Ryman v. Lynch,* 76 Iowa 587; *Klopp v. Chicago, M. & St. P. R. Co.,* 156 Iowa 466, 469; *Crissman v. McDuff,* 114 Iowa 83; *Williamsburg Sav. Bank v. Donohoe,* 203 Iowa 257; *Bennett Sav. Bank v. Smith,* 171 Iowa 405. Most, if not all, of the cases in which the question has arisen have been those in which the defendant has raised and attempted to have transferred issues at law, but the principle must be applicable, whether invoked by plaintiff or by defendant."

This court also said:

"The issues arising on the cross-petition have not been tried. The defendant is entitled to the judgment of the court upon them, and the case should be remanded for trial accordingly."

Under the provisions of the statutes and the rulings of this court hereinbefore referred to, the lower court erroneously transferred defendant's cross-petition for trial as a law action, and therefore the cause must be, and is, reversed.—*Reversed*.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.