ALLEN DUDLEY & COMPANY v. O. M. CLEVENGER *et al.*

(Filed September 5, 1907.)

(91 Pac. 908.)

1.   SHERIFFS—Fees and Costs—Return—Conclusiveness. The return of a sheriff on an order of replevin is conclusive and binding against him; and where he shows by his return that he delivered cattle seized by him under the writ to the defendant, with the consent of the plaintiff, within ten days after taking such property under such writ, he cannot be allowed as a part of the costs of the case for feeding and caring for such cattle for a period of seventy days.

2.    SAME—Proper Expenses in Replevin.  Where a sheriff takes
      charge of property under an order of replevin, he can only be
      allowed for caring for the same during the time that he is in
      possession thereof.

*Error from the District Court of Canadian County; before C. F.
Irwin, Trial Judge.*

Reversed and remanded.

*Blake, Blake & Low,* for plaintiff in error.

*J. W. Clark, H. L. Fogg,* and *W. L. Baxter,* for defendants
in error.

Opinion of the court by

BURWELL, J.: The plaintiffs, Allen Dudley and S. L. Dudley,
partners, doing business as Allen Dudley & Co., on February 2,
1904, commenced an action against O. M. Clevenger and A. Baird
for the possession of sixty-three head of cattle, in 'the district court
of Canadian county.   On the 4th day of February, 1904, having
filed the necessary affidavit and bond, the clerk of the court issued
a writ of replevin for these cattle, which was placed in the hands
of the sheriff who duly served the same on February 5, 1904, by tak-
ing possession of the cattle.    The sheriff retained possession of these
cattle for twenty-four hours, and at the end of that time delivered
them to the defendant, O. M. Clevenger, with the consent of the
plaintiffs' attorney.   On November 21, 1904, the action was dis-
missed by plaintiffs at plaintiffs' cost.   On November 26, 1904, the
sheriff filed in the clerk's office a bill for feeding and caring for
these cattle, which, omitting the caption, was as follows:

"Sheriff's costs for feeding and pasturing cattle replevined in
       the above entitled case:
"Feeding fifty-nine head for 70 days at 15c per head per day........$619.50
"Pasturing ditto for 3 1-2 months at 50c per head per month .... 103.25
                                                              $822.75

"J. C. OZMUN, Sheriff."

This bill was taxed as costs by the court against the plaintiffs.
A motion was filed to retax the costs, which was overruled, and
the plaintiffs appeal from such order, and the only question pre-
sented by the appeal is the allowance of this item of $822.75 to
the sheriff for caring for the cattle.

Section 4352 of Wilson's Annotated Statutes of Oklahoma provides for the filing of the affidavit of replevin and what such affidavit shall contain; and section 4353 fixes the conditions of the replevin bond; and then section 4354 refers to the order or writ of replevin. We here quote it, together with other sections of the statutes in relation thereto:

"Section 4354. The order for the delivery of the property to the plaintiff shall be addressed and delivered to the sheriff. It shall state the names of the parties, the court in which the action is brought, and command the sheriff to take the property, describing it, and deliver it to the plaintiff, and to make return of the order on a day to be named therein.

"Section 4356. The sheriff shall execute the order by taking the property therein mentioned. He shall also deliver a copy of the order to the person charged with the unlawful detainer of the property, or leave such copy at his usual place of residence.

"Section 4357. If within twenty-four hours after service of the copy of the order, there is executed by one or more sufficient sureties of the defendant, to be approved by the sheriff, an undertaking to the plaintiff, in not less than double the amount of the value of the property, as stated in the affidavit of the plaintiff, to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him, the sheriff shall return the property to the defendant. If such undertaking be not given within twenty-four hours after service of the order, the sheriff shall deliver the property to the plaintiff.

"Section 4358. The plaintiff may, within twenty-four hours from the time the undertaking referred to in the preceding section is given by the defendant, give notice to the sheriff that he excepts to the sufficiency of the sureties. If he fails to do so, he must be deemed to have waived all objections to them. When the plaintiff excepts, the sureties must justify, upon notice, as bail on arrest. The sheriff or other officer shall be responsible for the sufficiency of the sureties until the objection to them is waived, as above provided, or until they justify."

From these sections of the statutes it will be observed that the law directs the sheriff to seize the property, and, if the defendant fails to execute a bond within twenty-four hours after the service of the writ, conditioned for the delivery of the property to the

plaintiff if such delivery be adjudged, the sheriff shall deliver the property to the plaintiff; but, if the defendant executes such bond, then the plaintiff has twenty-four hours in which to except to the sureties. This makes forty-eight hours that the sheriff may hold the property replevined; and, if he desires, he may also hold it a reasonable length of time after this, to afford the sureties an opportunity to justify, and during all of this time he is entitled to charge up as costs in the case the expenses of caring for such property. But the law does not contemplate that the sheriff shall remain in possession of property seized by him in replevin actions for a long period of time, covering weeks and months. Under the statutes above quoted either the plaintiff or the defendant should be given possession of the property within a few days at most after its seizure by the sheriff. It is true that the parties to the suit might stipulate as to what may be done with the property, and such agreement would be binding. If the property is retained, or delivered to some one else, by virtue of an agreement, the return of the sheriff should show that fact. The sheriff's return should always show what he has done with the property.

Turning to the record in the case under consideration, we find that the sheriff states in his return to the order of replevin that he received the same on February 4, 1904, and served it by taking into his possession the property in controversy, decribing it, and then states that, "after keeping the same for the period of twenty-four hours, I delivered the above-described property to O. M. Clevenger, with consent of attorney for the plaintiff." The return is duly signed by the sheriff, and was filed in the office of the clerk of the court on February 15, 1904, or ten days after the order of replevin was received by him. This return shows that the sheriff returned the property to the defendant, O. M. Clevenger, with the consent of the attorney for the plaintiff, and this delivery of the property to the defendant could not have been later than February 15, 1904, for that is the day on which the return was filed with the clerk of the court. If this return is true, the sheriff could not have had possession of the cattle for a period of seventy-

days, for which he put in his claim. The expense bill for caring for these cattle is not accompanied with any explanation or showing as to why it should be allowed. Under the return made by the sheriff, in no circumstances could he charge for caring for these cattle for a period of more than ten days. He took charge of them on February 5, 1904, and delivered them to the defendant, O. M. Clevenger, before making his return on February 15, 1904. A fair interpretation of his return is that he delivered the cattle to the defendant immediately after the expiration of twenty-four hours.

Under the law the sheriff is bound by his return. In 18 Ency. of Pleading and Practice, page 981, the law is stated as follows: "It is the general rule that when an officer's return comes in question in a proceeding wherein rights may be based thereon as against the officer, he may not be heard to contradict it."—citing authorities. In the case of *Cox et al. v. Patten et al.* (Tex.) 66 S. W. 64, the court of civil appeals for the state of Texas, in a case where a sheriff was sued for conversion, said: "In an action against a sheriff for conversion of cotton sold under execution, the sheriff's return endorsed on the execution showing a levy upon the cotton, precludes him from denying the legality of such levy." The supreme court of Colorado, in the case of *People, to Use of Kenfield, v. Finch et al.,* 76 Pac. 1120, in discussing the effect of an officer's return, said: "Did the facts pleaded in the second, third, and fourth defenses constitute a defense to the cause of action alleged in the complaint? As to the second defense *Bishop v. Poundstone,* 11 Colo. App. 73, 53 Pac. 222, was an action against a constable and his sureties, upon his official bond, for damages by reason of the unauthorized release by the constable of property levied upon under writs of attachment. The constable's return on the writs was that he had levied upon the property, and afterwards released it. At the trial the constable was permitted to testify in contradiction of his return upon the attachment writs. The court said: 'The officer was concluded by his returns, as were also the sureties on his bond, and the evidence

was inadmissible. An incorrect return may be amended so as to show the facts, but the amendment must be made in the cause in which the writ issued, and when made it becomes the return. Except upon application to vacate or amend in the court having jurisdiction of the writ, the incorrectness of the return cannot be shown by the officer or by the parties or privies to the suit. Freeman on Executions, §§ 365, 366. If the return of an officer did not, as against himself and all parties connected with the litigation, import absolute verity, the records of the courts would be unreliable, and the administration of justice involved in uncertainty and confusion.' "

The authorities are practically uniform in holding that an officer is concluded by his return. The return may be amended, but, whatever the return, it is conclusive as against the officer making it. Therefore it necessarily follows that the trial court committed reversible error when it allowed the sheriff for feeding and caring for the cattle seized by him under the order of replevin for a period of seventy days, when the sheriff's return affirmatively shows that he could not have had the cattle in his possession for a period to exceed ten days. If the return made by the sheriff was incorrect, he should have obtained leave of court and corrected it. Without such amendment, he is bound by the recitations therein. It is possible that the sheriff is entitled to compensation for keeping these cattle for the period that elapsed between the time he made the levy and the filing of the return. His return shows no expense therefor; but, desiring that full justice may be done, instead of entering judgment on the record as presented, the case will be reversed and remanded with directions to disallow all of the item of $822.75 for feeding and pasturing the cattle in question, unless the sheriff shows himself entitled thereto under the rules stated in this opinion.

It is so ordered.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.