## ADAMS OIL, GAS & DEVELOPMENT CO. v. HIVICK et al.

No. 9288.—Opinion Filed Nov. 26, 1918.

Rehearing Denied Jan. 7, 1919.

(176 Pac. 938.)

### New Trial—Grounds—Service of Case-Made.

When the evidence in support of a motion for a new trial under Rev. Laws 1910, § 5033, subsec. 9, shows that the attorney for the appealing party received case-made on the last day for service, but fails to show that it could not have been served on said day, or an extension of time for service of same obtained, a new trial is properly denied.

(Syllabus by Pope, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action between the Adams Oil, Gas & Development Company and L. C. Hivick and others. Judgment for the latter, and, from an order overruling its motion for a new trial, the former brings error. Affirmed.

Maben & Pitman and Stuart, Cruce, Cruce & Riddle, for plaintiff in error.

Thos. Norman, for defendants in error.

Opinion by POPE, C. In this case the plaintiff in error, the Adams Oil, Gas & Development Company, against which a judgment had been rendered in the district court of Carter county, filed a motion for a new trial under section 5033, subsec. 9, Rev. Laws 1910, which authorizes a new trial, "when. without fault of the complaining party. it becomes impossible to make case-made."

The trial court overruled this motion, and the company brings error. Resolving every question of evidence in favor of plaintiff in error, the facts are as follows: The time for serving a case-made expired at midnight on September 25, 1916. The defendants in error and their attorney lived at Ardmore. The case-made was shipped by express to William Harrison, attorney for plaintiff in error, on September 19, 1916, but did not reach his office prior to the afternoon of September 23d. Harrison then left the city and did not return to his office until the forenoon of September 25th, at which time he found the case-made. We thus have the certain facts of the receipt of the case-made by the appealing attorney at Oklahoma City on the forenoon of the last day for the service of the case-made at Ardmore. Does this show the impossibility of serving case-made? The trial court reached the negative conclusion, and in this we must concur. The proximity of Ardmore to Oklahoma City, and the means of communication, indicate that there would be no inherent impossibility or even great difficulty, when a case-made is received in the forenoon in Oklahoma City, of serving the same in Ardmore before the end of the day. It is to be remembered, also, that plaintiff in error had ample time to obtain further extension of time for making and serving case-made. We can imagine an unusual circumstances which would preclude either service of case-made or obtaining, extension of time: but no proof of such circumstance has been made, and it will not be presumed.

The argument that misfortune should not prevent the taking of an appeal is quite sound. and is the spirit of the above-quoted statute, but it would be an obvious injustice to penalize the successful party in the lower court by requiring him to submit to the hazard and expense of a new trial, unless the losing party, relying on that on which he was entitled to rely, could not possibly have secured the service of case-made.

Before a party is entitled to a new trial under the above-quoted statute because the case-made was not received in time to serve, he must show facts which precluded service within the time, and which also precluded the saving of his right by possible extension of time.

The plaintiff in error not having shown such facts, the judgment of the lower court is affirmed.

By the Court: It is so ordered.