(No. 13767.—Judgment affirmed.)

GORDON A. RAMSEY, Admr. Appellee, *vs.* THE OLD COL-
ONY LIFE INSURANCE COMPANY, Appellant.

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*

1. INSURANCE—*when a provision will not be construed more
favorably to the insured.* In construing a provision in a life in-
surance policy which is in substantially the language of the statute
requiring its insertion in the policy, it cannot be presumed the legis-
lature intended the provision to be construed more favorably to the
insured than to the insurer.

2. SAME—*effect of incontestable provision in a life policy.* A
provision in a life policy that the policy shall be incontestable after
one year from its date provided the premiums are paid is valid and
bars the insurer from contesting the policy on any ground except
for non-payment of premiums, provided the insurer has had the
full year in which to take action to avoid the policy by proceed-
ings in court.

3. SAME—*effect where insured dies within one year of date of
policy.* Death of the insured within one year from the date of a
life insurance policy payable to his estate and containing a provi-
sion that the policy shall be incontestable after one year from its
date suspends the running of the one-year period for contesting
the policy until the appointment of an administrator, at which time
the unexpired portion of the limitation period will begin to run
against the insurer.

4. SAME—*an incontestable clause continues in force though in-
sured dies within the year.* The effect of a clause in a life policy
making the policy incontestable after one year from its date is
not to prevent the insurer from canceling the policy for fraud but
to fix a short statute of limitation in which to take such action,
and the fact that the insured dies within one year from the date
of the policy does not fix the rights of the parties to the extent of
giving the insurer an unlimited time to make its defense of fraud.
(*Monahan* v. *Metropolitan Life Ins. Co.* 283 Ill. 136, adhered to.)

5. SAME—*when insurance company may maintain bill to cancel
policy for fraud.* In Illinois, where the statute prohibits a life in-
surance company from limiting the time for suing on the policy to
a period less than three years from the death of the insured, a bill
by an insurance company to cancel a life policy for fraud may be
maintained where the insured has died within the one-year incon-
testable period fixed by the policy, provided such suit is brought
within one year from the date of the policy, excluding the time

elapsing between the death of the insured and the appointment of his administrator.·

6. SAME—*when life insurance company is barred from contesting policy for fraud.* Where the insured dies within one year from the date of a life insurance policy payable to his estate and containing a clause making the policy incontestable one year after its date, the insurer is barred from contesting the policy for fraud if it fails to assert its claim by bill in equity to cancel the policy within one year from its date, excluding the period between the death of the insured and the appointment of his administrator, or by plea within such period to a suit on the policy.

CARTWRIGHT, C. J., dissenting.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

MCKINLEY & PRICE, and STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, for appellant.

JOHN KUCHINSKAS, and E. MARSHALL AMBERG, (W. ARNOLD AMBERG, GEORGE W. THOMA, and AUGUST R. MARX, of counsel,) for appellee.

HORACE KENT TENNEY, *amicus curiæ.*

Mr. JUSTICE DUNN delivered the opinion of the court:

On September 7, 1916, the Old Colony Life Insurance Company issued its insurance policy at Chicago on the life of Adam Kleveczka for $2000, payable to him upon his attaining the age of eighty-five years or to his estate in case of his previous death. The policy contained a clause declaring it to be incontestable after one year from the date of issue if the premiums were duly paid. The insured died on April 13, 1917. An administrator was appointed on July 19, 1918, who brought an action of assumpsit on the policy in the circuit court of Cook county on November 7, 1918. The plea of the defendant, which was filed on May

297—38

12, 1919, alleged that prior to the execution of the policy the insured executed and delivered to the defendant an application in writing which was attached to the policy and consisted of questions in writing propounded to the insured and his answers thereto, also in writing. Various interrogatories and the answers thereto, which concerned the habits at the time and previously of the insured in regard to the use of intoxicating liquors, the condition of his health and his occupation, are set forth, and it is averred that the answers were material, false, known to the insured to be false, and were made for the purpose of inducing the company to issue the policy; that the company believed the answers to be true, and relying on them accepted the application and issued the policy; that it did not discover the falsity of the answers until about July 1, 1918, after the death of the insured, and that by reason of the fact that the policy was payable to his estate and of the delay in the appointment of an administrator until July 19, 1918, the company was unable to return or offer to return the premiums received from the insured until after September 7, 1917; that the insured died on April 13, 1917, from an attack of delirium tremens, due to his excessive consumption of intoxicating liquors and the shattered, deranged and disordered condition of his nervous system as set forth in the plea, which had continued from the issuance of the policy to the time of his death and had existed prior to the time of making application for the policy but was intentionally concealed from the company and falsely stated to it. The plea further avers that soon after the discovery of the falsity of the answers of the insured, and after an administrator was appointed, the company on August 1, 1918, tendered to the plaintiff the amount of the premiums received on account of the policy and interest on that amount, but the tender was refused, and the defendant now again tenders the amount to the plaintiff and offers to pay it to him at any time he will accept it. The plaintiff demurred

to this plea and his demurrer was sustained. The defendant electing to stand by its plea and a jury being waived, the court assessed the plaintiff's damages at $2000, for which, together with costs, a judgment was rendered. The Appellate Court for the First District having affirmed the judgment on the appeal of the defendant, granted a certificate of importance and an appeal to this court.

The plea alleges facts showing that the insured was guilty of intentional fraud in procuring the policy and the demurrer admits them. It is an elementary rule of law that fraud vitiates all contracts, and therefore the contract was voidable by the company. When the insured died it had a complete defense to any action on the policy which his representative might bring. The only question, therefore, is whether the company was still bound, after the death of the insured, by the limitation of one year from the date of issue of the policy in which to contest it.

We have held that the provision in a policy of life insurance that it shall be incontestable after one year from the date of its issue, provided the premiums are duly paid, is a valid provision, which bars the insurer from making any defense against the policy, after the expiration of the contestable period, except for non-payment of premiums, and that after the lapse of that period even fraud in procuring the policy is not available to avoid it. (*Royal Circle* v. *Achterrath,* 204 Ill. 549; *Flanigan* v. *Federal Life Ins. Co.* 231 id. 399; *Weil* v. *Federal Life Ins. Co.* 264 id. 425; *Monahan* v. *Metropolitan Life Ins. Co.* 283 id. 136.) This is in accord with the substantially unanimous decisions of the courts, which hold that the language admits of ·no reasonable construction other than that the company reserves to itself the right to ascertain all the matters and facts material to its risk and the validity of its contract for one year, and that if within that time it does not ascertain all the facts and does not cancel and rescind the contract it may not do so afterward upon any ground then in exist-

ence. When the execution of a contract has been procured by the fraud of one of the parties, the innocent party, upon discovering the fraud, may still insist upon the contract or may rescind it. He must, however, if he desires to repudiate it, do so promptly upon discovering the fraud and consistently adhere to his intention. By delay or vacillation he waives his right to rescind. The effect of the stipulation in the policy is not to prevent the insurer from annulling the contract upon the ground of the fraudulent representations of the insured, but its practical and intended effect is to create a short statute of limitations in favor of the insured, within which limited period the insurer must, if ever, test the validity of the policy. *Wright* v. *Mutual Benefit Life Ass'n,* 43 Hun, 61; 118 N. Y. 237; *Massachusetts Benefit Life Ass'n* v. *Robinson,* 104 Ga. 256; *Clement* v. *New York Life Ins. Co.* 101 Tenn. 22; *American Trust Co.* v. *Life Ins. Co. of Virginia,* 173 N. C. 558; *Murray* v. *State Mutual Life Assurance Co.* 22 R. I. 524; *Mutual Life Ins. Co.* v. *Buford,* 61 Okla. 158; *Metropolitan Life Ins. Co.* v. *Peeler,* 176 Pac. 938.

The statute of Illinois has provided that after January 1, 1908, no policy of life insurance shall be issued or delivered in this State unless it shall provide that it shall be incontestable after two years from its date, except for non-payment of premiums and except for violation of the conditions of the policy relating to the naval and military service in time of war. (Laws of 1907, p. 367.) The policy in question is in conformity with this provision, except that the incontestable period is reduced to one year and the policy is wholly unrestricted as to military or naval service in time of war. In both of these particulars it is more favorable to the insured than the statute requires.

The appellant does not deny the validity of the incontestable clause in the policy or deny that if the insured survives the contestable period the company is excluded from the defense of fraud or any other defense except for the

non-payment of premiums. It does, however, contend that the rights of the parties become fixed by the death of the insured; that a cause of action accrues at that time, and that if the policy is then contestable it remains contestable no matter when suit may be brought to enforce it. In this connection there is some discussion in the briefs as to whether the language of the incontestable clause of the policy is to be regarded as the language of the statute or the language of the insurer, and as to the applicability of the rule that ambiguous language used in an insurance policy is to be construed most strongly against the insurance company. The only language selected by the insurance company consists of the words "one year," and that expression is not ambiguous. The remaining language of the clause is prescribed by the statute and was not selected by the company. It is not to be presumed that the legislature in prescribing the terms of the contract intended that the language used should be understood in a manner favorable or unfavorable to either party, or that it should receive any other than a fair and reasonable construction to carry out the legislative intent that policies of life insurance should be incontestable after two years from their date, without any qualification except those mentioned in the statute. It is true that the cause of action upon the policy accrues upon the death of the insured and the policy then becomes payable according to its terms, but the terms of the contract are not changed by the death of the insured. The right to contest the policy does not thereby become an absolute, unlimited right, but it is still controlled by the provision of the contract that it must be exercised within one year from the date of the policy. The company is not relieved from the obligation of its contract to ascertain all the facts material to its liability and cancel or rescind the contract within that time or be barred from thereafter contesting the liability. The death of the insured neither enlarged nor abridged the appellant's right. It was still entitled to

make any defense or take any action necessary to enforce its rights. The right to do so was as complete as in the insured's lifetime and was subject to the same limitation. The right of the company to defend against the policy is no greater than the right of the beneficiary to collect the money, and either right may be lost by mere lapse of time,—the latter by virtue of the Statute of Limitations, the former by the limitation established by the contract. The rule in regard to the construction of ambiguous language has no application. The language is not ambiguous. It admits of no reasonable construction, as the courts have said in the cases already cited, other than that the company may have one year, and no more, for investigation of the questions material to its risk, and if it does not within that time, either as plaintiff or defendant, contest the policy it cannot do so afterward. Such contest can be made only by proceedings in court to which the insurer and the insured, or his representatives or beneficiaries, are parties. *American Trust Co.* v. *Life Ins. Co. of Virginia, supra; Mutual Life Ins. Co.* v. *Buford, supra.*

No administrator was appointed until more than a year after the death of the insured and no suit was begun until more than two years after the date of the policy. It is insisted that during the whole of the contestable period there was no one in existence against whom a suit could have been brought by the company to contest its liability, and the appellant relies upon the doctrine announced by this court that an insurance company cannot file a bill to cancel a policy for fraud after the death of the insured because it has an adequate remedy at law. The rule is thoroughly established that a person is not entitled to appeal to equity for relief who has a complete and adequate remedy at law, and it was held specifically in *DesMoines Life Ins. Co.* v. *Seifert,* 210 Ill. 157, that a court of equity will not entertain a bill by an insurance company, after the death of the insured, against a beneficiary named in the policy, to can-

cel a policy alleged to have been obtained by the fraudulent statements of the insured, for the reason that the insurance company has a complete and adequate defense at law to a suit upon the policy. The same rule in a similar case was announced in *Cable* v. *United States Life Ins. Co.* 191 U. S. 288. In the *Seifert case* it is stated that there were no special circumstances alleged to show the right of the appellant to resort to equity and that its defense could be fully made in an action at law upon the policy, which under the terms of the policy must be commenced within one year from the date of the death of the insured. In the *Cable case* the court quoted from a similar decision in the case of *Phœnix Mutual Life Ins. Co.* v. *Bailey,* 13 Wall. 616, as follows: "Where a party, if his theory of the controversy is correct, has a good defense at law to a 'purely legal demand' he should be left to that means of defense, as he has no occasion to resort to a court of equity for relief unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy." In the present case, however, special circumstances are alleged to show the irreparable injury which will result from the failure of a court of equity to grant preventive relief and to show that the remedy at law is not adequate or complete because the statute prohibits the issue and delivery in this State of a policy containing any provision limiting the time within which an action at law or in equity may be commenced to less than three years after the cause of action shall accrue. (Laws of 1907, p. 370.) Under this statute an insurance company may have a good defense on the ground of fraud against any liability upon a policy, but if the insured should die soon after the policy was issued and the rule announced in the cases cited should be applied, the company could not maintain a suit to cancel the policy because its defense will be available at law, but if the estate were the beneficiary and the administrator did not see

fit to begin an action until after the expiration of the incontestable period the company's defense at law would be of no avail, because it would be barred by the incontestable clause in its contract. Moreover, the company would have no means of protecting itself against the occurrence of a situation of this kind, because the same statute which makes its policy incontestable after two years from its date prevents its requiring suit to be brought within less than three years from the time the cause of action accrues. It is obvious that a legal defense is not adequate or complete which will necessarily cease to exist while the cause of action remains. Equity will entertain jurisdiction of a suit for the cancellation of a negotiable instrument before its maturity where it was obtained by fraud, because otherwise, by the negotiation of the instrument, the complainant may lose the benefit of his defense. *Hodson* v. *Eugene Glass Co.* 156 Ill. 397.

The appellant's right of action to contest the validity of the policy was necessarily in abeyance after the death of the insured until the appointment of an administrator. There was no person in existence to be sued, the estate of the insured being the beneficiary in the policy, until such appointment. There was no person to whom the company could tender the premiums which it had received or against whom it could proceed for the cancellation of the policy. The statute makes no provision for the appointment of an administrator who is not of kin to or a creditor of the decedent or the public administrator. The persons interested in the estate having refused or failed to take out letters of administration, the appellant, without any fault of its own, found it impossible to begin any suit to invalidate the policy within the year reserved to it. If the condition is to be literally applied in all cases where the insured dies before the expiration of the incontestable period, even on the day after the date of the policy, the persons interested in his estate have it in their power in cases of policies payable to

the estate of the insured, by refusing to take out letters of administration, to deprive the company of any opportunity of making its defense, no matter how meritorious a defense it may have. Where one party to a contract has by his own act made it impossible for the other party to comply with the contract and thus protect his interest in it, he can not avail himself of the non-compliance of the other party to enable him to enforce performance. The impossibility of maintaining the suit because no person is in existence who may be sued will not be permitted to work the injustice of depriving the company of its right to maintain an action to cancel the policy at any time within the year after its date. Either the death of the insured must fix the rights of the parties, so that the policy, if contestable then, may be contested whenever suit is brought, or the cause of action of the company must be regarded as suspended during the time it is prevented from suing by the failure to appoint an administrator, and upon the appointment of an administrator the suit may be maintained, provided that the whole time allowed the company for that purpose does not exceed one year.

We held in *Monahan* v. *Metropolitan Life Ins. Co.* *supra,* that the incontestable clause continued in force after the death of the insured even though the death occurred before the expiration of the limitation. Counsel for the appellant regard this decision as fundamentally erroneous, but, in any event, they think it is distinguishable from the present case. It may be apprehended that we do not agree with counsel as to the fundamental error. Neither do we regard as important the distinction suggested that in that case the policy was issued before the enactment of the law of 1907, that the defense was breach of warranty and not fraud, that the defense of fraud was excepted from the incontestable clause, or that an administrator was appointed during the contestable period. The opinion might have reviewed all the assignments of error which were considered

by the Appellate Court, but it was confined to the consideration of one cross-error assigned, which went to the right to make any defense under the incontestable clause. The question was decisive of the case, the case was actually decided upon that question alone, and the fact that it might possibly have been decided on the original errors assigned does not weaken its force as a precedent. Its value for that purpose consists in what was decided and not in what might have been decided but was not.

In *Ebner* v. *Ohio State Life Ins. Co.* 121 N. E. (Ind. App.) 315, an insurance policy had been issued containing a clause providing that after one year it should be incontestable. The insured died within six months, and the company, after an investigation, began an action two days before the expiration of the year to cancel the policy on the ground of fraud in procuring it to be issued. Several months later the defendant demurred to the complaint and filed a cross-complaint on the policy. The demurrer to the complaint was sustained and afterward answers were filed to the cross-complaint. After a hearing a decree was rendered in favor of the insurance company and the defendant appealed. The trial was actually on the cross-complaint and the issues made on it, but the Appellate Court held that the filing of the complaint in a court of equity alleging the fact of the incontestable provision and that the defendant intended to delay action on the policy for the purpose of depriving appellee of its defense was sufficient to invoke the jurisdiction of a court of equity, and that it sufficiently appeared that within the year the appellee proceeded by affirmative action to contest the policy, and that the contest was continued thereafter, without interruption, until its final conclusion in the county court. While the judgment was actually rendered on the policy and on the issues made on the cross-complaint for its enforcement, the court, in effect, sustained the equitable jurisdiction of a suit to cancel the policy after the death of the insured within the

contestable period and treated the case as a proceeding to contest liability on the policy from the date of the filing of the original complaint.

The death of the insured within the year did not remove the contractual limitation upon the right of the company to contest its liability on the policy, but the fact that without the fault of the company there was no party in existence against whom it could begin suit, and that it had no power to have an administrator appointed for that purpose, suspended the operation of this provision until an administrator was appointed.

When the insured died, on April 13, 1917, seven months of the year after the policy was issued had elapsed. The administrator was not appointed until July 19, 1918. After that there was nothing to prevent the defendant from contesting its liability on the policy. Suit was begun against it in November, 1918, but it filed no plea denying its liability upon the policy until May 12, 1919, nearly ten months after the appointment of the administrator, and, excluding the time during which it was prevented from bringing suit by reason of the failure to appoint an administrator, nearly seventeen months after the date of the policy. The plea alleged that knowledge of the falsity of the answers did not come to the defendant until July 1, 1918, but there were several months after its discovery of the fraud and after the appointment of the administrator before the expiration of the year in which it might have filed a bill to cancel the policy. It failed to do so and by its neglect permitted the incontestable period fixed by the policy, even under the construction which we have given it, to lapse. It was therefore barred by its contract from making the defense it sought to make and the demurrer to the plea was properly sustained.

The judgment will be affirmed.  *Judgment affirmed.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting.