## LeRoy D. Powell, Appellee, v. Mutual Life Insurance Company of New York, Appellant.

INSURANCE—*incontestability clause in life policy requires contest in court.* A provision in a policy of life insurance making the policy incontestable after two years except for nonpayment of premiums requires that within two years from the date of issuance of the policy the insurer must, if it desires to contest the validity of the policy because of fraudulent statements made by the insured in his application, institute a legal proceeding in court in which the insured, his representatives or beneficiaries are made parties for that purpose; and a mere notice of rescission to the insured and his beneficiary with tender of the return of premiums paid, on the ground of such fraudulent representations, is not sufficient to admit the defense of such false representations in an action on the policy more than two years after its date.

Appeal by defendant from the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 7, 1923,

WINSTON, STRAWN & SHAW and CHARLES E. FEIRICH, for appellant; SILAS H. STRAWN, JAMES H. WINSTON and JAMES H. CARTWRIGHT, JR., of counsel.

H. CLAY HORNER, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On the 27th day of October, 1919, the Mutual Life Insurance Company of New York, appellant herein, issued a policy on the life of Alfred E. Powell for the sum of $4,000. Said policy contained the following clause: "This policy shall be incontestable after two years from its date of issuance except for nonpayment of premiums." The insured died on October 26, 1921, and on February 21, 1922, LeRoy D. Powell, the beneficiary herein, brought an action in assumpsit on said policy in the circuit court of Randolph county. To the declaration filed in said cause, appellant filed three special pleas on March 6, 1922. These pleas set up the answer made by the insured in his written application to questions with reference to his use of intoxicating liquors. Said pleas aver that the answers to said questions were material, false and fraudulent and were known to be so by the insured; that appellant confiding in the truth of said answers issued said policy; that appellant on December 2, 1920, having discovered that a fraud had been perpetrated on it by said insured, immediately served notice on him in writing to the effect that it had canceled said policy upon the ground of such false and fraudulent statements and that it tendered herewith all the premiums paid by said insured, together with interest thereon, from the time of payment down to date of tender and demanded a return of said policy. Said pleas further aver that on December 16, 1920, appellant served a like notice in writing on appellee, the beneficiary in said policy,

with a like tender of said premiums. Said pleas further aver that the tender of said premiums paid, etc., was refused both by the insured and by the appellee, the beneficiary. Appellant in said pleas again tendered the same to appellee. To said special pleas appellee filed a general and special demurrer, which said demurrer was sustained. Appellant having elected to stand by its pleas, judgment was entered against it for the amount of the policy and costs. To reverse said judgment, appellant prosecutes this appeal.

Appellant through its counsel states that it rests its defense upon "a repudiation, rescission and termination of the contractual relations between it and the insured within the two-year period and upon the ground that the action taken by it (as set forth in said pleas) constituted a sufficient contest in law to satisfy the incontestability provision contained in the policy."

The law in force in this State since January 1, 1908, has been to the effect that no policy of life insurance shall be issued or delivered unless it shall provide that it shall be incontestable after two years from its date, except for nonpayment of premiums and except for the violation of the conditions of the policy relating to the naval and military service in time of war. (Laws of 1907, page 367, Cahill's Ill. St. ch. 73, ¶ 375.)

The policy in question is in conformity with the provisions of the statute except it has no restriction as to military or naval service. Provisions of this character in insurance policies have been held valid and enforceable by our Supreme Court. *Royal Circle v. Achterrath*, 204 Ill. 549; *Flanigan v. Federal Life Ins. Co.*, 231 Ill. 399; *Weil v. Federal Life Ins. Co.*, 264 Ill. 425; *Monahan v. Metropolitan Life Ins. Co.*, 283 Ill. 136; *Ramsey v. Old Colony Life Ins. Co.*, 297 Ill. 592.

Appellant cites numerous cases from other juris-
dictions with reference to the right of a defrauded
party to rescind a contract where he has acted im-
mediately upon the discovery of the fraud and has
returned or tendered a return of whatever consider-
ation he had received for the making of said contract.
Said cases hold that where a contract has been so
rescinded there can be no right of recovery. Counsel
for appellant insists that this same rule in reference
to the rescission of contracts for fraud applies to
insurance policies and that the only effect the incon-
testability clause has in connection herewith is that
the notice of the rescission of the contract, together
with the return of the consideration received thereon,
or a tender of the same, must be made within two
years from the date of the policy.

On the other hand, counsel for appellee insists that
under the incontestability clause in said policy, ap-
pellant must within two years from the date of the
policy contest the same in a legal proceeding and
that if this is not done within said time, that defense
can no longer be made. The pleas in this case set
forth in unmistakable language facts, if true (which
the demurrer admits), would render the policy void
on account of fraudulent and untrue statements made
by the insured in his application. It is an elementary
rule of law that fraud vitiates all contracts, whether
of insurance or otherwise. *Ramsey v. Old Colony
Life Ins. Co., supra.* The only question, therefore,
to be determined is as to whether or not the action
taken by appellant looking towards a rescission of
said contract was sufficient and whether or not it
has the right at this time to make said defense.

An incontestability clause of the character of the
one in question continues in force after the death of
the insured, even though the death occurred before
the expiration of the limitation. *Monahan v. Metro-
politan Life Ins. Co.,* 283 Ill. 136; *Ramsey v. Old Col-*

*ony Life Ins. Co.*, 297 Ill. 592-601. In *Ramsey v. Old Colony Life Ins. Co., supra,* the Supreme Court had under consideration an incontestable clause similar to the one in question, except in the *Ramsey* case the policy was made incontestable after one year. The court there held that the contest referred to meant a contest in court where there was a plaintiff and a defendant, to which the insured and the insurer or his representatives or beneficiaries are parties.

The court in discussing said question, at page 598, says: "The language is not ambiguous. It admits of no reasonable construction, as the courts have said in the cases already cited, other than that the company may have one year, and no more, for investigation of the questions material to its risk, and if it does not within that time, either as plaintiff or defendant, contest the policy it cannot do so afterward. Such contest can be made only by proceedings in court to which the insurer and the insured, or his representatives or beneficiaries, are parties." Citing *American Trust Co. v. Life Ins. Co. of Virginia,* 173 N. C. 558; *Mutual Life Ins. Co. v. Buford,* 61 Okla. 158. The court in said opinion, at page 596, further says: "The effect of the stipulation in the policy is not to prevent the insurer from annulling the contract upon the ground of the fraudulent representations of the insured, but its practical and intended effect is to create a short statute of limitations in favor of the insured, within which limited period the insurer must, if ever, test the validity of the policy." Citing *Wright v. Mutual Benefit Life Ass'n,* 43 Hun 61, 118 N. Y. 237; *Massachusetts Ben. Life Ass'n v. Robinson,* 104 Ga. 256; *Clement v. New York Life Ins. Co.,* 101 Tenn. 22; *American Trust Co. v. Life Ins. Co. of Virginia,* 173 N. C. 558; *Murray v. State Mut. Life Ins. Co.,* 22 R. I. 524; *Mutual Life Ins. Co. v. Buford,* 61 Okla. 158; *Metropolitan Life Ins. Co. v. Peeler* (Okla.), 176 Pac. 939.

Counsel for appellant practically concede that the opinion in the *Ramsey* case is against their contention in this case, but they undertake to show that the language of the Supreme Court, in which it was held that the contest referred to was a contest in court, was not necessary to a decision of the case, and, in effect, insist that the language in regard thereto was inadvertently used. An examination of the opinion in said cause will disclose that the Supreme Court went into the question as to whether the contest referred to was one to be had in court where there was a plaintiff and defendant in a very definite way. In that case the incontestability clause required that a contest should be within one year, making the time more favorable to the insured than the statute required. The insured died about seven months after the policy was issued and an administrator was not appointed until July 19, 1918, about a year and ten months after the date of the policy. The record disclosed that the insured made false and fraudulent answers to questions in his application which were material to the risk, but that the falsity was not discovered by the company until about July 1, 1918, being after the death of the insured. The court held, in discussing the rights of the insurance company, that the company had one year from the date of the policy in which to make the contest; that that time ran from the date of the policy to the death of the insured, being a period of about seven months, and was then suspended until the administrator had been appointed; that after the administrator was appointed the company had the balance remaining of the year in which to make the contest. The court further held that if necessary in order to prevent an insurance company being barred from making its defense against an insurance policy procured through fraud on the part of the insured, through lapse of time, that a court of equity would assume jurisdiction

of a bill to cancel a policy so procured, citing in support of said holding *Des Moines Life Ins. Co. v. Seifert,* 210 Ill. 157.

It necessarily follows, therefore, that inasmuch as the first contest in court on the validity of said contract of insurance was made by the filing of said special pleas by appellant, more than two years after the issuance of said policy, the court properly sustained the demurrer thereto and entered judgment for the amount of the policy.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*