**FRANKLIN et al. v. SMITH.**

No. 15008—Opinion Filed Dec. 23, 1924.

Rehearing Denied Feb. 3, 1925.

**New Trial — Impossibility of Perfecting Case-Made — Laches of Plaintiff in Error.**

An application for a new trial under the ninth subdivision of section 572, and section 576, Comp. Stat. 1921, is properly denied where it appears from the evidence that the cause of delay in securing case-made beyond the 90 days originally granted by the trial court. within which to serve same was on account of failure of appealing party to pay the fees of the court reporter for preparing same; and where extensions of time are thereafter granted and the case-made is not served within the period of any such extension although the defendant in error, who appeared pro se, was within the jurisdiction during the whole of the last day within which such service might be had, no cause for new trial is shown.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Susanna Franklin and others against Herbert E. Smith. From judgment in favor of defendant, plaintiffs bring error. Affirmed.

Frank F. Lamb, for plaintiffs in error.

Herbert E. Smith, for defendant in error.

Opinion by PINKHAM, C. This appeal was taken from an order of the district court denying plaintiffs in error a new trial upon their application by petition for a new trial after the trial court had decided the case against them and the plaintiffs in error had appealed, which appeal was dismissed by this court for the reason that the plaintiffs in error failed to make and serve the case-made within the time allowed by statute or within the time as extended by the trial court. (Franklin v. Smith, 89 Okla. 187, 214 Pac. 705.)

The application for new trial was upon a petition filed and brought under the statute upon the ground as alleged in the petition that plaintiffs in error were deprived of their appeal by reason of the fact that they were prevented from making and serving a case-made and perfecting the appeal without fault on their part.

The particular provision of the statute, section 572, Comp. Stat. 1921, under which the petition for a new trial was filed, reads as follows: "Ninth. When without fault of complaining party it becomes impossible to make case-made."

Briefly stated, the evidence upon the hearing on the petition for a new trial shows that the case was tried in January, 1922, and a judgment was rendered and entered in favor of the defendant in error and the motion for a new trial denied April 22, 1922.

As stated, plaintiffs in error appealed and in the opinion dismissing the appeal it is said:

"After various orders extending the time in which to serve case-made, a final and last order of extension was made by the trial judge on the 25th day of September, 1922, extending the time to October 15, 1922. On the 17th day of October, 1922, case-made was served, which was two days after the time had expired in which service could be made."

The record discloses that at the time the motion for new trial was overruled on April 22, 1922, the plaintiffs in error were given 90 days in which to make and serve case-made. It further appears that the defendant in error acted as his own attorney, and after the trial of the case remained in Okmulgee, Okla., until June 26, 1922, when he left for a trip to Europe, returning to his office in Okmulgee on the morning of October 14, 1922.

There is evidence in the record to the effect that the defendant in error notified the attorneys for plaintiffs in error that he would leave Okmulgee for an extended trip abroad not later than June 26, 1922, and that he requested the attorney for plaintiffs in error to serve him with the case-made by that time if he intended to appeal.

The attorney for the plaintiffs in error testified in substance that soon after the overruling of the motion for a new trial, he gave an order for a case-made and then undertook to get together the money from his clients necessary to appeal the case; that there was considerable delay in getting the money from his clients and that he asked the court reporter from time to time if the case-made was ready; that the court reporter informed him that he would have the case-made ready when the attorney for plaintiffs in error was ready to pay for it.

It further appears that the case-made was ready for delivery to the attorney for plaintiffs in error and for the plaintiffs in error by June 1, 1922, and that the court reporter would have delivered the same to the plaintiffs in error or their attorney about June 1, 1922, had they paid for his services in preparing same.

It is apparent from an examination of the record before us that the plaintiffs in error could have secured the case-made at any time between June 1 and June 25, 1922, during all of which time the defendant in error was where he could have been served with the case-made, and that the cause of delay in securing the same from the court reporter was because of the fact that its delivery was delayed because the fee for preparing the same had not been paid.

Counsel for plaintiffs in error secured several orders of extension of time to make and serve a case-made and received the same in July, 1922, when the defendant in error was absent in Europe. There is evidence in the record of a convincing character that the defendant in error returned to his office in Okmulgee on the morning of October 14, 1922, and was there all of that day, which was the last day on which service could be had before the expiration of time allowed by the last order of extension. The case-made, however, was not served on the defendant in error for several days after the time fixed in the order had expired.

In Adams Oil, Gas & Dev. Co. v .Hivick, 74 Okla. 116, 176 Pac. 938, it is said

"When the evidence in support of a motion for a new trial under Rev. Laws 1910, sec. 5033, subdivision 9 (sec. 572, Comp. Stats. 1921) shows that the attorney for the appealing party received case-made on the last day of service, but fails to show that it could not have been served on said day, a new trial is properly denied."

"While the law contemplates that either party may have the stenographer to transcribe his shorthand notes upon payment of the necessary fees therefor, it does not contemplate that such is the only method of preparing a record for a case-made." J. H. Butts et al. v. Emma E. Anderson et al., 19 Okla. 372, 91 Pac. 908.

Upon the whole record we cannot say that the complaining party was without fault in failing to serve the case-made within the time allowed.

We think the order of the trial court denying plaintiffs in error a new trial upon their petition should be affirmed.

By the Court: It is so ordered.