## RUSS v. GREAT SOUTHERN LIFE INS. CO.

(District Court, D. Kansas, Second Division. February 26, 1925.)

No. 699.

Insurance ⬤⟶400—Defense of fraud in procurement of life insurance policy cut off by incontestable clause, where not made within one year from date of policy.

Under life insurance policy incontestable within one year after date of issue, defense of fraud practiced by insured in procurement of the policy was cut off and destroyed, where tender of premiums paid, in order to rescind contract, was made more than one year from date of policy.

At Law. Action by Hattie L. Russ against the Great Southern Life Insurance Company. On motion for judgment on the pleadings. Judgment for plaintiff.

Vermilion, Evans, Carey & Lilleston, of Wichita, Kan., for plaintiff.

Yankey, Holmes, Eaton & Gleason, of Wichita, Kan., for defendant.

POLLOCK, District Judge. This is an action by the beneficiary under a life policy of insurance dated June 3, 1922, made and issued by defendant company on the life of the husband of plaintiff. A copy of the policy is attached to the petition of the plaintiff and made a part of such pleading. The defendant has fully answered, and plaintiff now moves for judgment on the petition and answer.

The motion has been fully briefed and argued and stands now submitted for decision. If from the pleadings there be found some matter of law which controls the decision of the case, regardless of what evidential facts may be adduced, then to go through the formality of a trial would be useless and expensive. While, as first presented to the court, the motion of plaintiff for judgment on the pleadings presented several intricate and somewhat difficult questions of law, as the matter now stands only one question appears to call for a consideration, and that arises on the pleadings in this manner.

The answer of defendant relies upon allegations of fraud on the part of the insured, practiced on defendant in procuring the policy, to vitiate and avoid the contract of insurance. As has been seen, the date of the contract is conceded by the answer and asserted by plaintiff to have been June 3, 1922. Clause 1 of the policy provides as follows:

"*Incontestability.* This policy shall be incontestable after one year from date of issue, except for nonpayment of premiums, and except, further, that there will be a limited liability as provided in section 14 hereof."

It is conceded all premiums were paid, and there is nothing in section 14 in any wise material to the issues presented in this case. Hence this incontestable provision stands and must be treated as though there were no exceptions thereto.

As has been stated, the ground of contest presented and relied upon by defendant in its answer to avoid liability under the policy to plaintiff is fraud practiced by the assured upon the company in the procurement of the policy. But such defense, under clause 1 of the policy, must be presented by way of a contest of the liability of the company under its policy within the period of one year from date of the policy, or such defense is by the incontestable clause in the policy cut off and destroyed.

Now defendant alleges in its answer (paragraph 18) as follows:

"Defendant alleges that heretofore, and on or about the 14th day of June, 1923, and after ascertaining the facts as herein alleged, it offered and tendered to the plaintiff the return of all money paid by the insured and the total amount of the premium purported to have been paid, together with interest thereon, in order to rescind and set aside the fraudulent transaction which has been consummated and perpetrated by the plaintiff and insured upon the defendant, and offered to repay to the plaintiff all of such benefits received by the defendant on account of and through the issuance of said policy, and that at said time and to this time the plaintiff refuses to accept the return of said premium and interest thereon, and refuses to rescind and cancel said contract, and the defendant, at this time, still offers and tenders to the plaintiff the said amount and interest, and offers to pay into court or to any one the court may direct, at this time or at any time thereafter, all of such money paid by the insured or plaintiff, and all legal interest thereon."

Now, June 14, 1923, was 11 days too late to attack the policy of insurance for fraud in its procurement. This is thoroughly and conclusively settled, as is every feature of this present case, by the decision of the Supreme Court in Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, and in the cases cited by that court with approval. Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 141, 119 N. E. 68, L. R. A. 1918D, 1196; Ramsey v Old Colony Life Ins. Co., 297 Ill. 592, 131 N. E. 108; Ebner v. Ohio State Life Ins. Co., 69 Ind. App. 32, 121 N. E. 315; Hardy v. Phœnix Mutual Life Ins. Co., 180 N. C. 180, 104 S. E. 166.

Therefore, under the answer relied upon by defendant, even conceding the defendant might be able to establish by the evidence the fraud alleged in the procurement of the policy, under the contract it will not be permitted to so do as pleaded in the answer because coming too late.

It follows the judgment must go for plaintiff on the policy as prayed by plaintiff in its petition. It is so ordered.