## SELBY v. BARNSDALL STATE BANK.

No. 21135. Opinion Filed July 12, 1932.

Rehearing Denied Oct. 18, 1932.

Joseph D. Mitchell, for plaintiff in error.

F. T. McCoy, W. M. Taylor, and J. T. Craig, for defendant in error.

HEFNER, J. This is an appeal by Charles E. Selby from an order of the district court of Osage county overruling his supplemental motion for a new trial on the ground of impossibility to obtain a case-made.

Plaintiff in error instituted a suit in that county against Barnsdall State Bank to recover for the conversion of certain Liberty Bonds, and for labor done and performed by him for defendant at its instance and request. The trial resulted in judgment in favor of defendant. Plaintiff filed a motion for a new trial, alleging various grounds, which was by the court overruled. Plaintiff thereupon obtained an extension of time to make and serve a case-made, gave notice of appeal, and requested the court reporter to transcribe the evidence in order that the same might be incorporated in the case-made. The reporter made an estimate of the cost of the transcript to be $110, and demanded a deposit of $70 before beginning work on the transcript. Plaintiff refused to make the deposit, and the reporter, for this reason, refused to transcribe the evidence. Several extensions of time were granted plaintiff by the court to make and serve case-made, and on July 1, 1929, he filed an application for an additional extension of time, and also made application to the court asking that the court make an order requiring the reporter to transcribe the evidence. On the hearing on this application, the court stated to counsel for plaintiff that it would enter an order requiring the reporter to transcribe the evidence in the event plaintiff made a deposit of $70 with the court clerk to be paid to the reporter upon completion of the work. Counsel for plaintiff refused to comply with this requirement and the court denied his application for additional extension of time to make case-made and denied his request to make an order directing the reporter to transcribe the evidence, and thereafter overruled his supplemental motion for a new trial.

It is plaintiff's contention that the demand of the reporter for a deposit of $70 was unreasonable and unauthorized by law: that it was his duty, upon request, to transcribe the evidence and to hold the transcript until his fees were paid. In support thereof he relies upon section 3068, C. O. S. 1921, which provides:

"The reporter shall, on the request of either party in a civil or criminal case, make out such transcript and deliver the same to the party desiring it, on payment of his fees therefor by such party at the rate of ten cents per folio, which shall be allowed as taxable cost."

In our opinion, this section does not sustain the contention of plaintiff. It provides that the court reporter shall, on request of either party, make a transcript of the evidence and deliver to him, upon payment of his fee at the rate of ten cents per folio. There is nothing in the section which prohibits his demanding a reasonable deposit to secure the payment of his services in transcribing the evidence. It was estimated that the cost of the work would amount to $110. The requirement of the court that plaintiff make a deposit of $70 with the court clerk to guarantee the payment of the services of the court reporter upon completion of the work was not an unreasonable requirement; nor was it an abuse of discretion of the trial court. To place the construction upon the statute demanded by plaintiff would, in many instances, work a hardship upon the reporter by placing upon him the burden of transcribing the evidence without any insurance of payment therefor.

We think the ruling of the trial court is sustained by the rule announced in the case of Franklin v. Smith, 106 Okla. 75, 232 Pac. 934. It is there said:

"An application for a new trial under the ninth subdivision of section 572, and section 576, Comp. Stat. 1921, is properly denied where it appears from the evidence that the cause of delay in securing case-made beyond the 90 days originally granted by the trial court within which to serve same was on account of failure of appealing party to pay the fees of the court reporter for preparing same; and where extensions of time are thereafter granted and the case-made is not served within the period of any such extension, although the defendant in error, who appeared pro se, was within the jurisdiction during the whole of the last day within which such service might be had, no cause for new trial is shown."

Plaintiff is not in a position to say that it was impossible for him to obtain a case-made when he refused to comply with the request of the reporter. The record shows that it would have cost plaintiff at least $110 to obtain the transcript of the evidence. He could have obtained the same by complying

with the order of the court. It cannot, therefore, be said that plaintiff was prevented from perfecting his appeal by the impossibility of obtaining a case-made.

Plaintiff further relies on section 6454, C. O. S. 1921, which provides:

"No fees allowed by this act shall be due or demanded until the services for which such fees are chargeable shall have been performed."

This section is only applicable to fees and salaries allowed by that act, and has no application whatever to the fees allowed a court reporter. The salary and fees of the court reporter are fixed by section 3066, C. O. S. 1921.

The judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and McNEILL, J., absent.

Note.—See under (1) 20 R. C. L. 289; R. C. L. Perm. Supp. p. 4873.